357 So.2d 517 (1978)
STATE of Louisiana
v.
Vincent SIMMONS.
No. 60833.
Supreme Court of Louisiana.
April 10, 1978.
Steven Young, Alexandria, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Eddie Knoll, *518 Dist. Atty., Jeannette Theriot Knoll, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
On the 10th day of June 1977 the grand jury of Avoyelles Parish returned an indictment charging Vincent Simmons with two counts of aggravated rape of two females on May 9, 1977. La.Rev.Stat. 14:42. The indictment was later amended to charge Simmons with two counts of attempted aggravated rape. He was tried on July 19, 1977.
As the trial progressed, and prior to the judge's charge to the jury, defense counsel requested that the jury be instructed that attempted forcible rape was a responsive verdict to a charge of attempted aggravated rape. The requested instruction was denied and the trial judge instructed the jury that the responsive verdicts for a charge of attempted aggravated rape were "guilty", "guilty of attempted simple rape" and "not guilty" as prescribed by Subparagraph 9 of Article 814 of the Code of Criminal Procedure in effect at the time of the trial. The ruling of the trial judge is assigned as error.
Simmons was found guilty as charged on each count. A sentence of fifty years imprisonment on each count was imposed on July 28, 1977, the sentences to run consecutively. Defense counsel's objection to the sentences was overruled, and the ruling is assigned as error.

I.
It is the defense contention that attempted forcible rape was a responsive verdict to a charge of attempted aggravated rape even though it was not declared to be such by Article 814 of the Code of Criminal Procedure in effect at the time.
Forcible rape was made a crime by Act 333 of 1975 and incorporated into the Criminal Code as Article 43.1. Act 334 of 1975 amended Subparagraph 8 of Article 814 of the Louisiana Code of Criminal Procedure, the responsive verdict statute, by adding thereto responsive verdicts for the crime of aggravated rape. By this amendment "guilty of forcible rape" and "guilty of attempted forcible rape" became additional responsive verdicts for the crime of aggravated rape. The amendment, however, made no change in the responsive verdicts for attempted aggravated rape, which remain "guilty", "guilty of attempted simple rape" and "not guilty".
Responsive verdicts prescribed by Article 814 are by the express terms of that article the "only responsive verdicts which may be rendered" where the indictment charges the crimes set forth in Article 814. Attempted aggravated rape is one of the crimes for which responsive verdicts are prescribed by Article 814. Because the responsive verdicts given by the trial judge are mandated by Article 814 he was without authority to vary or add to those prescribed. He properly charged the jury in accordance with Subparagraph 9 of Article 814.

II.
To support the contention that the sentences of fifty years imprisonment on each count were not valid the defense argues that no death penalty for the crime of aggravated rape was in effect when defendant was convicted; therefore it was improper for the trial judge to base the sentences in this case on Subparagraph D(1) of Article 27 of the Criminal Code. This subparagraph of the attempt statute provides that whoever attempts to commit a crime punishable by death or life imprisonment "shall be imprisoned at hard labor for not more than fifty years."
After the commission of this offense on May 9, 1977 the United States Supreme Court rendered its decision in Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982, on June 29, 1977, holding that a sentence of death is grossly excessive punishment for the crime of rape and is forbidden by the Eighth Amendment as cruel and unusual punishment. Nevertheless, Louisiana's aggravated rape statute prescribing the death penalty remained classified as a capital crime. La.Rev.Stat. 14:42 as amended by Act 612 of 1975. See *519 State v. Davies, 350 So.2d 586 (La.1977) and the cases cited there. In Davies, a case involving a sentence of 45 years for attempted aggravated rape, a unanimous court reasoned that a sentence of fifty years or less could be imposed upon one convicted of an attempt to commit a capital offense. That decision and a number of others were based upon the proposition that because of the nature of the crime of aggravated rape the legislature undoubtedly intended that the most serious penalty available under the law should be imposed and courts should not assume that no penalty existed for such crimes. The theory thus adopted had its genesis in a line of cases beginning with State v. Lee, 340 So.2d 180 (La.1976). Guided by this authority the trial judge sentenced defendant within permissible limits.
For the reasons assigned the convictions and sentences are affirmed.