380 So.2d 59 (1980)
STATE of Louisiana
v.
Patrick THIBODEAUX.
No. 64893.
Supreme Court of Louisiana.
January 30, 1980.
*60 J. Harold Fontenot, Opelousas, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Morgan J. Goudeau, III, Dist. Atty., Robert Brinkman, First Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.[*]
Defendant Patrick Thibodeaux was charged by bill of information with distribution of amobarbital and secobarbital, in violation of R.S. 40:964 III B(1) and R.S. 40:968. After trial, the jury returned a verdict of "guilty of possession with intent to distribute a controlled dangerous substance." The trial court sentenced defendant to six years at hard labor. On appeal defendant, relies on two assignments of error.[1] Because there is an error patent on the face of the record (an error "discoverable by a mere inspection of the pleadings and proceedings" as per Article 921), we reverse defendant's conviction and sentence and remand to the district court.
Under Article 814 A(45) of the Code of Criminal Procedure, the only responsive verdicts which may be rendered to the charge of distribution of controlled dangerous substances are the following:
"Guilty
"Guilty of attempted production, manufacture, distribution or dispensation of [a] controlled dangerous [substance].
"Guilty of possession of controlled dangerous substances.
"Guilty of attempted possession of controlled dangerous substances."
"Not guilty."
When responsive verdicts are mandated by Article 814, the trial court is without authority to vary or to add to the prescribed verdicts. State v. Simmons, 357 So.2d 517 (La.1978).
The trial court, however, submitted to the jury before it retired for deliberation a list of responsive verdicts which included two verdicts which are not responsive under Article 814 A(45), i. e., possession with intent to distribute and attempted possession with intent to distribute.[2] There was no objection by defendant to the charges and the jury following the trial court's instructions returned a verdict of guilty of possession with intent to distribute a controlled dangerous substance.
*61 Although this Court has held that absent an objection, deficiencies in the responsive verdicts can not be availed of upon appeal, in those cases the error existed only in the list of possible verdicts submitted to the jury and not in the actual verdict returned by the jury. In State v. Turner, 337 So.2d 1090 (La.1976) we held that an alleged error concerning the sufficiency of the list of responsive verdicts submitted to the jury may not be considered unless an objection is made in the trial court in time for the trial judge to correct the error. In Turner, however, despite the error in the list of verdicts submitted to it, the jury did in fact return a verdict which was responsive to the offense charged.
In the instant case not only were the list of verdicts and the judge's charge incorrect, but the jury actually returned a verdict which was not responsive under Article 814 A(45). Although the jury's non-responsive verdict was induced by the trial court's unobjected to erroneous instructions, we find that the verdict is clearly non-responsive and therefore should have been refused by the trial court in accordance with Article 813.[3]
It has been suggested that although the verdict of "guilty of possession with intent to distribute a controlled dangerous substance" is not responsive under Article 814, that verdict does fall within the ambit of the responsive verdict "guilty of possession of [a] controlled dangerous [substance]" and that the addition of "with intent to distribute" is merely a "qualification" of the verdict which under Article 817[4] is without effect upon the finding of the jury. It is argued therefore that defendant was validly found guilty of possession of a controlled dangerous substance and should merely be resentenced accordingly.
This argument lacks merit. The addition of "with intent to distribute" to the crime of possession of a controlled dangerous substance does not simply qualify the verdict; rather it transforms it into a verdict of guilty of another statutory offense, one which in this case is not responsive to the instant charge.
Code of Criminal Procedure article 920(2) provides that this Court shall consider on appeal "an error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." The jury's verdict is part of the pleadings which this Court must review for errors. State v. Egena, 347 So.2d 1106 (La.1977). Because the verdict was invalid and because a sentence based on an invalid verdict is itself invalid (La. C.Cr.P. art. 872), the conviction and sentence of defendant must be set aside.
Because we find an error patent and reverse defendant's conviction and sentence, discussion of defendant's assignments of error would, in the ordinary case, be superfluous; however, because the error might occur on retrial, we deem it advisable to consider defendant's assignment two which has possible merit.
This assignment arises out of testimony which the trial judge allowed a police officer to give, over objection by the defense. A defense witness, Patty Andrus, had testified on direct and cross-examination that defendant had never provided her with drugs. Later in the trial, however, the state placed a police officer on the stand for the purpose of testifying that Patty Andrus had made a statement on May 9, 1978 that the defendant had indeed given her drugs. Defense counsel objected to the officer's testimony on the ground that it was inadmissible *62 hearsay. The trial court overruled the objection and allowed the officer to testify.
The trial court's ruling was erroneous. The officer's testimony was clearly hearsay and inadmissible. Furthermore, it was not admissible under the exception to the hearsay rule which allows hearsay concerning a witness' prior statements for the impeachment of a witness. That exception is applicable only when the witness is impeached in accordance with R.S. 15:493 which requires that a foundation first be laid (before the witness can be impeached with a prior inconsistent statement).[5] In this case the witness, Ms. Andrus, was not asked whether she had made any prior inconsistent statement, nor was she given an opportunity to explain inconsistencies between her testimony and the prior statement. Therefore the officer's testimony should properly have been excluded as inadmissible hearsay.[6]

Decree
For the foregoing reasons defendant's conviction and sentence are set aside and the case remanded to the district court for a new trial.
REVERSED; REMANDED.
NOTES
[*] Chief Judge PAUL B. LANDRY, Retired, sat by assignment as Associate Justice Ad Hoc in place of former Justice ALBERT TATE, Jr., now Judge, United States Court of Appeals, Fifth Circuit, upon this case.
[1] Defendant assigned the following errors:

1. The trial court erred in denying the motion for a new trial on grounds that there was insufficient evidence to support a verdict of possession with intent to distribute.
2. The trial court erred in allowing hearsay testimony by a state's witness that a defense witness had told him that the defendant had distributed drugs to her.
[2] The jurors were instructed that the following verdicts were responsive to the charge:

"1) We the jury, find the accused, Patrick Thibodeaux, guilty of distribution of a controlled dangerous substance, to wit: Amobarbital and Secobarbital.
"2) We the jury, find the accused, Patrick Thibodeaux, guilty of attempted distribution of a controlled dangerous substance, to wit: Amobarbital and Secobarbital.
"3) We the jury, find the accused, Patrick Thibodeaux, guilty of possession with intent to distribute a controlled dangerous substance, to wit: Amobarbital and Secobarbital.
"4) We, the jury, find the accused Patrick Thibodeaux, guilty of attempted possession with intent to distribute a controlled dangerous substance, to wit: Amobarbital and Secobarbital.
"5) We, the jury, find the accused, Patrick Thibodeaux, guilty of possession of a controlled dangerous substance, to wit: Amobarbital and Secobarbital."
[3] Article 813 provides the procedure to be followed when the jury returns an improper verdict:

"If the court finds that the verdict is incorrect in form or is not responsive to the indictment, it shall refuse to receive it, and shall remand the jury with the necessary oral instructions. In such a case the court shall read the verdict, and record the reasons for refusal."
[4] Article 817 provides:

"Any qualification of or addition to a verdict of guilty, beyond a specification of the offense as to which the verdict is found, is without effect upon the finding."
[5] R.S. 15:493 provides as follows:

"Whenever the credibility of a witness is to be impeached by proof of any statement made by him contradictory to his testimony, he must first be asked whether he has made such statement, and his attention must be called to the time, place and circumstances, and to the person to whom the alleged statement was made, in order that the witness may have an opportunity of explaining that which is prima facie contradictory. If the witness does not distinctly admit making such statement, evidence that he did make it is admissible."
[6] Although the trial court's ruling was erroneous, the error would not necessarily be reversible had this been the only trial error. Before the officer testified as to the substance of the witness' prior statement, the trial judge ruled that he would permit the testimony and would thereafter allow recall of the witness so that a foundation could be laid. Thereupon defense counsel stated that he saw no need to recall the witness. While the trial judge reversed the proper procedure and seemingly would first have admitted the testimony, then the foundation, it could be argued that counsel's expression that he saw no need to recall the witness (Andrus) foreclosed the possibility that in the face of defense persistency in the objection, the judge would have followed the proper procedure.