386 So.2d 1342 (1980)
STATE of Louisiana
v.
Willie J. WILLIAMS.
No. 65270.
Supreme Court of Louisiana.
April 7, 1980.
Concurring Opinion September 15, 1980.
*1343 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
Robert Barnard, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
MARCUS, Justice.
Willie J. Williams was charged by bill of information with possession of heroin with intent to distribute in violation of La.R.S. 40:966. After trial by jury, he was found "guilty of possession of a controlled dangerous substance." Thereafter, the district attorney filed an information accusing defendant of prior felony convictions pursuant to La.R.S. 15:529.1 (Habitual Offender Law). After a hearing, the trial judge found defendant to be a third felony offender. He vacated the sentence previously imposed and sentenced defendant to serve twenty years at hard labor with credit for time served. On appeal, defendant relies on six assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in accepting Officer Charles Crone as an expert in the field of narcotics identification.
Officer Crone testified that he was a criminologist with the New Orleans Police Department for five and one-half years. His duties consisted of detecting and identifying narcotics. He received a bachelor of science degree in biology from Louisiana State University and had twenty-five credit hours in college chemistry courses.
La.R.S. 15:466 sets out the guidelines for qualification of expert witnesses:

*1344 The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion, and before any witness can give evidence as an expert his competency so to testify must have been established to the satisfaction of the court.
It is well settled that the competence of an expert witness is a question of fact to be determined within the sound discretion of the trial judge, and his rulings on the qualifications of expert witnesses will not be disturbed in the absence of manifest error. State v. Drew, 360 So.2d 500 (La.1978) cert. denied, 439 U.S. 1059, 99 S.Ct. 820, 59 L.Ed.2d 25 (1979); State v. Titus, 358 So.2d 912 (La.1978); State v. Lewis, 353 So.2d 703 (La.1977).
The record discloses that Officer Crone possessed sufficient education and practical experience to qualify as an expert in narcotics identification. Moreover, he had previously qualified as an expert in narcotics identification in the district courts of this state. We are unable to say that the trial judge abused his discretion in accepting Officer Crone as an expert in narcotics identification.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in permitting testimony, over his objection, connecting him to the evidence prior to it being identified as related to the case.
La.Code Crim.P. art. 773 provides:
Neither the state nor the defendant can be controlled by the court as to the order in which evidence shall be adduced; but when the evidence requires a foundation for its admission, the foundation must be laid before the evidence is admissible.
Officer Carl Crone was the first witness called by the state. During direct examination by the state, the following exchange took place:
Q Mr. Crone, did you bring with you, to court today, any documents that would be evidence?
A Yes, I brought an evidence envelope bearing the name, Willie J. Williams, and another defendant under police item number 1361174.
Officer Crone was a chemical expert called to testify as to the results of his analysis of the substance seized from defendant. The heroin was not admitted in evidence during his testimony. Subsequently, Officer Robert Barare testified that the same evidence envelope was the one in which the "tannish powder" seized from defendant was placed. Barare stated that he placed the substance inside the envelope, signed, dated and sealed it, and gave it to Officer Crone who later identified the substance as heroin. Because the evidence was introduced in evidence following Officer Barare's testimony, the state properly identified the evidence as related to the case prior to introduction by establishing the custody of the heroin from the time it was seized from defendant to the time it was offered in evidence. Hence, defendant's contention is without substance.
Defendant for the first time in brief to this court contends that the testimony of Officer Crone was inadmissible hearsay in that the testimony rested upon observations of the arresting officer not presently testifying. It is well settled that a new basis for an objection may not be raised for the first time on appeal. State v. Quincy, 363 So.2d 647 (La.1978); State v. Drew, 360 So.2d 500 (La.1978), cert. denied, 439 U.S. 1059, 99 S.Ct. 820, 59 L.Ed.2d 25 (1979); State v. Williams, 343 So.2d 1026 (La.), cert. denied, 434 U.S. 928, 98 S.Ct. 412, 54 L.Ed.2d 287 (1977). In any event, Officer Barare identified the contents of the evidence envelope as items taken from defendant at the time of his arrest. While Officer Crone's testimony was hearsay, it was merely cumulative. Hence, admitting his testimony was harmless error.
Assignment of Error No. 2 is without merit.

*1345 ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge improperly commented on the evidence at trial. An objection was properly noted.
During the cross-examination by defense counsel of Officer James Kirkpatrick, one of the arresting officers, the following exchange took place:
Q How many arrests were made?
A To the best of my knowledge, two.
Q May I see the report again? (Defense counsel looks at report). Where [sic] three people were arrested?
A Not that day.
Q Two were arrested on the scene?
A Yes.
Q Both of them are charged the same way?
BY [ASSISTANT DISTRICT ATTORNEY]:
Objection, your honor.
BY THE COURT:
Sustained.
BY [DEFENSE COUNSEL]:
You arrested them for probable cause?
BY [ASSISTANT DISTRICT ATTORNEY]:
Objection to that line of questioning. There is one defendant on trial today.
BY THE COURT:
I presume you asked that question about the defendant?
BY [DEFENSE COUNSEL]:
Sir, the incident of the arrest.
BY THE COURT:
You are asking about this defendant? Are you referring to this defendant?
BY [DEFENSE COUNSEL]:
To this defendant?
BY THE COURT:
To this defendant before the court.
BY [DEFENSE COUNSEL]:
I am asking if he made other arrests simultaneously.
BY THE COURT:
He has answered that.
BY [DEFENSE COUNSEL]:
I asked, how many?
BY THE COURT:
He answered.
BY [DEFENSE COUNSEL]:
Your honor is commenting on the evidence?
BY THE COURT:
I said, he answered it. He has answered the question.
BY [DEFENSE COUNSEL]:
I ask that my objection be noted.
Judicial comment on the facts or evidence in the presence of the jury is prohibited by La.Code Crim.P. art. 772. However, this court has consistently held that remarks made by the trial judge in the jury's presence giving reasons for his rulings on objections, for admitting or excluding evidence, or stating the purpose for which evidence is offered or admitted are not objectionable as comments or expression of an opinion provided they are not unfair and prejudicial to the accused. State v. Simms, No. 65,582, 381 So.2d 472 (La.1980); State v. Schouest, 351 So.2d 462 (La.1977); State v. Young, 337 So.2d 1196 (La.1976). Additionally, La. R.S. 15:275 authorizes a trial judge, in the exercise of his discretion, to stop the prolonged, unnecessary and irrelevant examination of a witness.
In the instant case, the trial judge's remarks were merely an exercise of his discretion to stop repetitious questioning of the witness and an explanation for his ruling. The remarks did not constitute an improper comment on the evidence. Hence, the assigned error is without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant contends the trial judge erred in overruling his objection to the introduction of an oral confession made by defendant at the time of his arrest because the state did not lay a proper predicate for its introduction.
Testimony adduced by the state revealed that after police officers entered defendant's house and found defendant and Willie *1346 Landry in the bathroom, a scuffle ensued as the officers attempted to arrest them and secure the evidence which they were attempting to flush down the toilet. As a result, defendant received a small laceration on his head. Officer Ronald Brady testified that when he arrived at defendant's house, other arresting officers were leading defendant out of the bathroom and asked him to stay with defendant. Officer Brady advised defendant of the charges against him and read him his Miranda rights, and defendant stated that he understood his rights. The officer testified that no promises or threats were made to defendant. When he questioned him, defendant stated that the drugs found in the bathroom belonged to him, that he and Louis Hubbard, who was arrested later that night, had been getting eight bundles of heroin a day from Larry Wiley, recutting the heroin and selling it on the street.
Defendant admitted telling Officer Brady that the drugs were his but testified that he gave the statement because the officer threatened to take his entire family to jail. He further stated that officers beat him before they handcuffed him and took him to the bedroom where the oral confession took place.
After hearing the testimony of Officer Brady and defendant, the trial judge ruled that the state had laid a proper predicate for introduction of the confession in evidence.
Before a confession may be introduced in evidence, the state must affirmatively show that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, inducements or promises. La.R.S. 15:451. It must also be shown that an accused who makes a confession during custodial interrogation was first advised of his Miranda rights. A confession need not be the spontaneous act of the accused but may be obtained by means of questions and answers. La.R.S. 15:453. The admissibility of a confession is in the first instance a question for the trial judge. His conclusions on the credibility and weight of testimony relating to the voluntariness of a confession will not be overturned on appeal unless they are not supported by the evidence. State v. Gaines, 354 So.2d 548 (La.1978); State v. Hutto, 349 So.2d 318 (La.1977).
After a review of the record, we are convinced, as was the trial judge, that the state satisfied its burden of affirmatively proving that the confession was freely and voluntarily made after defendant had been advised of his Miranda rights. Each contention made by defendant to show that his confession was not free and voluntary was in conflict with the testimony of the arresting officer. Moreover, defendant produced no corroborating evidence that he was beaten or otherwise mistreated or that the officer threatened to take his entire family to jail. Additionally, defendant's statement implicating Louis Hubbard and Larry Wiley goes far beyond his claim that he admitted ownership of the drugs because the officer threatened to take his entire family to jail. Under the circumstances, the trial judge was clearly justified in finding that the testimony of Officer Brady was more credible than that of defendant and in concluding that defendant's statement was freely and voluntarily made after having been advised of his Miranda rights. Accordingly, the trial judge did not err in overruling defendant's objection to the introduction of defendant's oral confession in evidence.
Assignment of Error No. 4 is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant contends the verdict presents an error patent on the face of the record. He argues that the jury returned a verdict of "guilty of possession of a controlled dangerous substance" without stating the type of substance; therefore, the verdict does not convey the intention of the jury.
Defendant was charged by bill of information with "possession with the intent to distribute a controlled dangerous substance, to-wit: Heroin" in violation of La.R.S. 40:966 which provides that it shall be unlawful *1347 for any person knowingly or intentionally: "To possess with intent to .. distribute a controlled dangerous substance classified in Schedule I." Heroin is listed in Schedule I (La.R.S. 40:964(B)(11)) as a controlled dangerous substance. The trial judge's written list of the verdicts responsive to the offense charged given to the jury listed the responsive verdicts as set forth in La.Code Crim.P. art. 814(46):
1. Guilty as charged.
2. Guilty of attempt to distribute a controlled dangerous substance.
3. Guilty of possession of a controlled dangerous substance.
4. Guilty of attempt [sic] possession of a controlled dangerous substance.
5. Not guilty.
The jury returned a verdict of "guilty of possession of a controlled dangerous substance," one of the responsive verdicts to the crime charged.
La.Code Crim.P. art. 810 provides that a verdict must clearly convey the intention of the jury. When faced with an ambiguous verdict, the intent of the jury can be determined by reference to the pleadings, the evidence, the admissions of the parties, the instructions, or the forms of the verdict submitted. State ex rel. Miller v. Henderson, 329 So.2d 707 (La.1976); State v. Broadnax, 216 La. 1003, 45 So.2d 604 (1950). In Broadnax, the defendant was charged with possession of heroin and the jury returned a verdict of "guilty of attempted possession." This court held that there was no doubt that the verdict as returned was sufficient in form to ascertain the jury's intention when the bill of information and references to heroin in the record were considered.
In the instant case, the bill of information charges defendant with possession with intent to distribute heroin. In addition, the state produced an expert witness who identified the substance as heroin and all testimony in the record relates to no other substance but heroin. When the verdict is construed in light of the repeated references to heroin as the controlled dangerous substance which defendant was charged with possessing with the intent to distribute, there is no doubt as to the jury's intent to find defendant guilty of possession of heroin. The verdict was clearly responsive to the charge.
Assignment of Error No. 5 is without merit.

ASSIGNMENT OF ERROR NO. 6
Defendant contends the trial judge erred in sentencing him as an habitual offender without a hearing.
The contention is without substance. Following defendant's original sentence, the district attorney filed an information accusing defendant of previous felony convictions pursuant to La.R.S. 15:529.1 (Habitual Offender Law). An habitual offender hearing was conducted on October 15, 1975. Defendant was present and represented by counsel. After the state produced evidence and rested its case, defense counsel stated: "Your honor, we would have no defense and we would like to waive all delays for the purpose of the record ...." Thereafter, the trial judge vacated the sentence previously imposed and sentenced defendant to serve twenty years at hard labor with credit for time served.
Assignment of Error No. 6 is without merit.

DECREE
For the reasons assigned, defendant's conviction and sentence are affirmed.
DENNIS, J., concurs with reasons.
DENNIS, Justice, concurring.
I agree with the result of the majority opinion, but wish to note additional reasons for finding no merit in Assignment of Error No. 4, concerning a proper predicate being laid for the introduction of the oral confession. Defendant's contentions were not merely "in conflict with the testimony of the arresting officer;" the officer specifically rebutted the allegations of brutality surrounding the confession. This is the sort *1348 of affirmative showing that establishes a proper predicate for introduction of an oral confession into evidence. La.R.S. 15:451.