LANIER, Judge.
The defendant, Louis Foret, was charge'd by bill of information with second degree battery in violation of La.R.S. 14:34.1. He pled not guilty and, after a trial by jury, was found guilty of simple assault. Foret filed a motion in arrest of judgment contending the verdict for simple assault was not responsive to the information for second degree battery. This motion was denied. Foret was then sentenced to serve *527 ninety (90) days in the parish jail and pay a fine of $200 plus costs, provided that thirty (30) days of the sentence would be suspended if he made restitution of $947.15 to the victim in ninety (90) days. This appeal then followed.[1]
NONRESPONSIVE VERDICT
Foret contends the offense of simple assault is not a responsive verdict to a charge of second degree battery and his conviction of simple assault must be set aside.
The responsive verdicts for second degree battery were placed in La.C.Cr.P. art. 814(A)(15) by Act 763 of 1982 as follows:
The only responsive verdicts which may be rendered when the indictment charges the following offenses are:
[[Image here]]
15. Second Degree Battery:
Guilty.
Guilty of simple battery.
Not guilty.
[Emphasis added].
The purpose of Article 814 is to resolve which verdicts are responsive for most common crimes by definite restrictive lists. State v. Booker, 385 So.2d 1186 (La.1980). A trial judge is without authority to vary or add to the prescribed responsive verdicts. State v. Simmons, 357 So.2d 517 (La.1978). When a court finds a verdict is not responsive, it shall refuse to receive it and shall remand the jury with the necessary oral instructions. La.C.Cr.P. art. 813. A nonresponsive verdict is invalid, and a sentence based on an invalid verdict is also invalid. La.C.Cr.P. art. 872; State v. Thibodeaux, 380 So.2d 59 (La.1980). Cf. State v. Vincent, 387 So.2d 1097 (La.1980) and State v. White, 315 So.2d 301 (La.1975). A verdict which is not responsive can be attacked in a motion for arrest of judgment.[2] La.C.Cr.P. art. 859(5). When a motion for arrest of judgment is granted because a verdict is not responsive, the defendant is entitled to a new trial. La.C.Cr.P. art. 862; Thibodeaux, 380 So.2d at 62.
In his oral reasons for judgment, the trial judge noted the Louisiana Judges’ Bench Book recommended that simple assault should be a responsive verdict to second degree battery. This statement accurately reflects the law prior to Act 763 of 1982. The law is now correctly stated in C. Joseph & R. Lamoniea, Louisiana Judges’ Benchbook, Vol. II Jury Instructions, Criminal, pp. 46-47 (3rd.ed.1985). At all times pertinent herein, simple assault was not a responsive verdict to second degree battery.
The State contends in brief that none of Foret’s assignments of error can be considered because no contemporaneous objection (La.C.Cr.P. art. 841) was timely made to the erroneous jury instruction and responsive verdict list. See also La.C.Cr.P. art. 801. This argument is patently without merit. La.C.Cr.P. arts. 859(5) and *528 920(2); Vincent, 387 So.2d at 1099-1100; Thibodeaux, 380 So.2d at 60-61. Failure to make a contemporaneous objection does not preclude objection to a nonresponsive verdict in a motion for arrest of judgment. Cf. State v. Thomas, 427 So.2d 428, 433 (La.1983). In the Official Revision Comment for Article 841 (contemporaneous objection rule) appears the following:
Of course, certain rights are so basic that they can be raised for the first time in the motion in arrest of judgment (Art. 859), in an application for a writ of habe-as corpus (Art. 362), or in a motion for a new trial (Art. 851). Some errors, such as a fatally defective indictment, can be urged for the first time on appeal as “error patent on the face of the record”. See Art. 920(2); State v. Raby, 253 So.2d 370 (1971); State v. Butler, 250 So.2d 740 (1971).
In the Official Revision Comment for Article 859 (motion in arrest of judgment) appears the following:
This article minimizes the above stated difficulty by specifically listing the grounds for the motion in arrest. They are stated in general conformity with the format of the A.L.I. Code sections on the motion in arrest. In stating the grounds the Law Institute considered the grounds specified in the A.L.I. Code, § 369, the Louisiana jurisprudence under the general rule of former R.S. 15:517, and related provisions in other titles of the revision. The controlling consideration, in determining which defenses may be asserted by a motion in arrest, has been whether the defect is so basic that it should not be cured by verdict.
[Emphasis added].
DECREE
For the foregoing reasons, the conviction and sentence are set aside and the case is remanded to the district court for a new trial.
REVERSED AND REMANDED.

. The sentencing occurred on December 3, 1984. The sentencing transcript shows, immediately after sentencing, counsel for the defendant gave oral notice of intent to apply to this court for a writ of review. However, the minute entry for the sentencing shows the defense "said in closing he will appeal the case.” A written notice of intent to apply for writs was filed on December 10, 1984, but was never perfected. A written motion for an appeal was filed in the district court on January 9, 1985. On April 16, 1985, another panel of this court dismissed the appeal as untimely under La.C.Cr.P. art. 914. The defendant applied for a rehearing on the dismissal. On May 20, 1985, the rehearing was granted and the appeal was reinstated as a delayed appeal under Rule 3-2, Uniform Rules, Courts of Appeal. This ruling has not been contested by the State.

. In brief, Foret contends the district court committed error by instructing the jury on a "verdict not legislatively determined to be responsive under LSA-C.Cr.P. art. 814A(15)”. Because . the trial transcript was not made a part of the record, we do not know if there was an objection to the questioned instruction. Failure to timely object to an erroneous jury instruction constitutes a waiver of the objection. La.C.Cr.P. art. 801 as amended by Act 458 of 1982. Thus, if the district court gave an unobjected to erroneous jury instruction on responsive verdicts, but the defendant was convicted as charged or convicted of a valid responsive verdict, there would be no reversible error. State v. Henry, 449 So.2d 486 (La.1984); State v. Ruple, 437 So.2d 873 (La.App. 2nd Cir.1983). Only conviction of a nonresponsive verdict can be raised in a motion for arrest of judgment.