485 So.2d 256 (1986)
STATE of Louisiana, Plaintiff-Appellee,
v.
Harold MAYEUX, Defendant-Appellant.
No. CR85-372.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1986.
Rehearing Denied April 9, 1986.
Writ Granted June 20, 1986.
*257 Lewis O. Unglesby, Baton Rouge, for defendant-appellant.
J. Edward Knoll, Dist. Atty., Thomas E. Papale, Asst. Dist. Atty., Marksville, for plaintiff-appellee.
Before STOKER, DOUCET and YELVERTON, JJ.
YELVERTON, Judge.
Defendant, Harold Mayeux, was charged with two counts of aggravated battery, LSA-R.S. 14:34. He was convicted by a jury of attempted aggravated battery on both counts, and sentences were fashioned and handed down based on these verdicts. Defendant now appeals his conviction and sentence assigning three errors. The first two assignments have to do with the validity of attempted aggravated battery as a responsive verdict to aggravated battery. The third assignment complains that the sentence was an illegal one.
Defendant's assignments have merit.
The trial judge told the jury that attempted aggravated battery was responsive to each charge, and gave the jury verdict sheets with that described offense on them. The trial judge gave that described responsive verdict because the defendant requested it, and the state did not object.
The only responsive verdicts which may be rendered when the indictment charges aggravated battery are Guilty, Guilty of Second Degree Battery, Guilty of Simple Battery, and Not Guilty. LSA-C.Cr.P. art. 814, subd. A (14). The trial judge instructed the jury as to these four responsive verdicts, then added the instruction that attempted aggravated battery was also a responsive verdict. Aside from the fact that there is no such designated crime, attempted aggravated battery is not a responsive verdict under Art. 814. When responsive verdicts are mandated by C.Cr.P. art. 814, the trial court is without authority to vary or to add to the prescribed verdicts. State v. Thibodeaux, 380 So.2d 59 (La.1980).
The conviction based on the nonresponsive verdict of attempted aggravated battery was patently invalid. Id.
The jury's verdict shows that the state failed to prove the elements of the offense charged or of those offenses for which responsive verdicts are prescribed by C.Cr.P. art. 814. When this happens, the defendant is entitled to an acquittal. State v. Marse, 365 So.2d 1319 (La.1978).
The convictions and sentences are reversed and set aside; a judgment of acquittal is hereby rendered; and the defendant is ordered discharged.
CONVICTIONS AND SENTENCES REVERSED; ACQUITTAL ORDERED; DEFENDANT DISCHARGED.