liBARRY, Judge.
The defendant was charged with distribution of cocaine (La.R.S. 40:967). The jury verdict form specified the charge as possession with intent to distribute cocaine (also La.R.S. 40:967) and listed responsive verdicts for possession with intent to distribute. The jury found defendant “guilty as charged” and he was sentenced to fifteen years at hard labor.
The issues are whether the wording of the verdict form requires reversal, and sufficiency of the evidence. We reverse and remand.

Facts

Officer Tyrone Martin was patrolling the 3600 block of Desire Parkway when he saw the defendant on the sidewalk talking to another man (later identified as juvenile Ak-heem Stanton). Officer Martin recognized the defendant because they grew up in the same area. He testified that the defendant gave Stanton a clear plastic bag which Stanton placed in his waistband and covered with his shirt to conceal. Because the area was known for drug trafficking, Officer Martin believed that he witnessed a drug transaction.
|2The defendant saw Officer Martin and fled in a black pickup truck. Stanton ran and Officer Martin followed him. Stanton discarded a plastic bag which Officer Martin retrieved. Officer Martin called for assistance and continued chasing Stanton, who removed two plastic bags from inside his pants, put them in a brown paper bag, and threw them under the building. Officers Martin and Hayward Hewitt caught and arrested Stanton.
Officer Martin retrieved the paper bag from under the building and it contained two plastic bags. The contents of the three plastic bags tested positive for cocaine. Officer Martin obtained an arrest warrant and Detective Joseph Williams arrested the defendant within 48 hours.
Officer Hewitt corroborated that he assisted Officer Martin during the chase and arrest of Stanton, and confirmed the brown bag with cocaine under the building. Criminalist Charles Krone testified that the material in the plastic bags was cocaine.
Akheem Stanton testified that Officer Martin arrived as Stanton was taking a bag from the building to sell to “Joe.” Stanton panicked and ran when he saw Officer Martin. He denied knowing what was in the bag. He testified that no one gave him cocaine, but that someone told him where the bag was *522 and offered him $50.00 to get it. Stanton denied knowing the defendant, seeing him that day, or getting anything from him.
The defendant and his girlfriend testified that the defendant was at the girlfriend’s apartment the day of the offense. Defendant denied that he gave Stanton cocaine and denied involvement in the offense.
| ⅞ Verdict
The defendant complains that the verdict is invalid because the trial court submitted an incorrect verdict form to the jury. Although the defense did not object at trial, an error in the verdict constitutes an error patent on the face of the record because it is discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. La.C.Cr.P. art. 920. Thus it is reviewable on appeal despite the absence of an objection. State v. Vincent, 387 So.2d 1097, 1099 (La.1980).
Defendant was charged with distribution of cocaine. The verdict sheet specified the offense as possession with intent to distribute cocaine and listed the responsive verdicts: 1) guilty as charged; 2) guilty of attempt possession of a controlled dangerous substance with intent to distribute, to-wit: crack-cocaine; 3) guilty of possession of a controlled dangerous substance, to-wit: crack-cocaine; 4) guilty of attempt possession of a controlled dangerous substance, to-wit: crack-cocaine; 5) not guilty. Under La.C.Cr.P.- art. 814 A(48) possession and attempted possession are also responsive to the charge of distribution; possession with intent to distribute is not. The handwritten jury verdict stated that the defendant was “guilty as charged.”
La.C.Cr.P. art. 809 requires the judge to give the jury a written list of verdicts “responsive to each offense charged.” La. C.Cr.P. art. 813 provides:
If the court finds that the verdict is incorrect in form or is not responsive to the indictment, it shall refuse to receive it, and shall remand the jury with the necessary oral instructions. In such a ease the court shall read the verdict, and record the reasons for refusal.
UThe trial court obviously erred by giving the incorrect verdict form to the jury. This Court must determine whether that error is a basis to reverse the conviction.
La.C.Cr.P. art. 810 states that there shall be no formal requirement as to the language of the verdict “except that it shall clearly, convey the intention of the jury.” When the verdict is ambiguous, the intent of the jury can be determined by reference to the pleadings, the evidence, the admissions of the parties, the instructions, or the forms of the verdict submitted. State v. Williams, 386 So.2d 1342, 1347 (La.1980); State ex rel. Miller v. Henderson, 329 So.2d 707 (La.1976).
In State v. Broadnax, 216 La. 1003, 45 So.2d 604 (1950), the defendant was charged with possession of heroin. The jury found him “guilty of attempted possession” but did not specify heroin. The Supreme Court held that the jury’s intent to convict the defendant of attempted possession of heroin was clear when the verdict was considered with the bill of information and references to heroin during trial.
Similarly, State v. Williams, supra, affirmed a conviction where the jury returned a verdict of “guilty of possession of a controlled dangerous substance” without specifying heroin (the substance listed in the bill of information). The court concluded that the bill of information charged the defendant with possession with intent to distribute heroin and the testimony referred only to heroin, thus clarifying the verdict.
State v. Vincent, 387 So.2d 1097 (La.1980) reversed a conviction when a jury convicted the defendant of a crime which was not responsive to the charged offense. The bill of information charged the defendant with receiving stolen |5property valued at $150. Jury instructions and the list of verdicts included “possession of stolen property,” which is not a crime in Louisiana, and the jury found the defendant “guilty of possession of stolen property in the amount of $100.” Id. at 1099. The court considered that the trial judge did not read the specific statute to the jury, instruct the jury or provide a correct list of responsive verdicts. The court reversed the conviction, holding that the verdict did not clearly convey the jury’s intent to *523 find the defendant guilty as charged or guilty of a lesser included grade of the offense.
State v. Thibodeaux, 380 So.2d 59 (La.1980) is similar to the case at bar. The bill of information charged the defendant with distribution of a controlled dangerous substance. The jury instructions and responsive verdicts listed the crime charged, but improperly included as responsive verdicts possession with intent to distribute a controlled dangerous substance and attempted possession with intent to distribute a controlled dangerous substance. The jury returned a verdict of guilty of possession with intent to distribute a controlled dangerous substance. The court reversed the conviction and remanded for a new trial because “the verdict is clearly non-responsive and therefore should have been refused.” Id. at 61.
Vincent and Thibodeaux suggest that if a verdict convicts the defendant of a crime for which he was not charged and which is not a lesser included offense, that non-responsive verdict should be rejected and is grounds for reversal.
State v. Duke, 625 So.2d 325 (La.App. 3rd Cir.), writ den. 629 So.2d 1183 (La.1993), affirmed a “guilty” verdict when the verdict form incorrectly listed the crime charged. The bill of information charged the defendant with aggravated oral sexual battery. The verdict sheet misstated the charge as “indecent behavior with a juvenile” but listed the correct responsive verdicts for aggravated 16oral sexual battery. The court considered that the bill of information was read to the jury, and the crime charged was stated multiple times during trial.
Due to the numerous times the crime charged was mentioned by name and explained beginning with voir dire and ending with the close of trial, we find that the jury clearly intended to find Duke guilty of aggravated oral sexual battery.
Id. at 328.
State v. Duke extended the rule concerning an ambiguous verdict to a verdict which is incorrect. We disagree and decline to follow Duke.
At the start of this trial, the clerk read the bill of information to the jury. The proseeutor said that the defendant was charged with distribution of cocaine during the opening statement, and the prosecutor and defense counsel stated distribution repeatedly during opening statements and closing arguments. The trial court twice instructed the jury that the charge was distribution of cocaine and properly instructed the jury as to the elements of that offense.
The verdict sheet was incorrect. Unlike Broadnax and Williams, the jury’s verdict was not ambiguous. Rather, it convicted the defendant of a crime other than that listed in the bill of information.
We reverse and remand for a new trial. State v. Thibodeaux, swpra. The remaining assignment of error is pretermitted.

REVERSED AND REMANDED.