# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-347


**STATE IN THE INTEREST OF**

**N.W.L.**


************

APPEAL FROM THE
JEANERETTE CITY COURT
PARISH OF IBERIA, NO. 2115
HONORABLE CAMERON B. SIMMONS, CITY JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.


**DELINQUENCY REVERSED;
DISPOSITION VACATED; CASE REMANDED.**


**Annette Fuller Roach**
**Louisiana Appellate Project**
**Post Office Box 1747**
**Lake Charles, Louisiana 70602-1747**
**(337) 436-2900**
**Counsel for Defendant/Appellant:**
        **N.W.L.**

**J. Phil Haney**
**District Attorney**
**Walter J. Senette, Jr.**
**Assistant District Attorney**
**Post Office Box 268**
**Jeanerette, Louisiana 70544**
**(337) 276-5603**
**Counsel for:**
        **State of Louisiana**

**SULLIVAN, Judge.**

N.W.L., a juvenile, was charged by Petition for Delinquency with aggravated burglary, a violation of La.R.S. 14:60. At his initial hearing, N.W.L. entered a denial. On December 20, 2007, an adjudication hearing took place, and N.W.L. was adjudged delinquent. Following a disposition hearing on January 24, 2008, the trial court ordered that N.W.L. be placed into the custody of the Department of Public Safety and Corrections (Office of Youth Development) for two years with a recommendation for non-secure placement.

N.W.L. now appeals his adjudication and disposition.

## FACTS

The State alleged that N.W.L., along with two other juveniles, entered the residence of the Iden family in Jeanerette without permission, while a fourth juvenile stood lookout outside the residence. Afterwards, the Idens discovered that a pistol was missing.

## ERRORS PATENT

Although the Louisiana Children's Code is silent as to whether a juvenile criminal proceeding is entitled to an error patent review, this court has found that such a review is mandated by La.Ch.Code art. 104 and La.Code Crim.P. art. 920. *See State in the Interest of J.C.G.*, 97-1044 (La.App. 3 Cir. 2/4/98), 706 So.2d 1081. After reviewing the record, we find an error patent regarding N.W.L.'s adjudication which requires reversal. *See State v. Vincent*, 387 So.2d 1097 (La.1980).

The Children's Code articles and jurisprudence require a trial court to find that a juvenile violated a specific statute or ordinance; a general finding of delinquency is insufficient. Louisiana Children's Code Article 804(3) defines delinquent act as

1

"an act committed by a child of ten years of age or older which if committed by an adult is designated an offense under the statutes or ordinances of this state." Louisiana Children's Code Article 883 provides: "In order for the court to adjudicate a child delinquent, the state must prove beyond a reasonable doubt that the child committed a delinquent act alleged in the petition." Additionally, "[f]or an adjudication of delinquency . . . it must be proved that the juvenile violated a specific statute or ordinance, and every element of the crime must be proved." *State v. Melanson*, 259 So.2d 609, 613 (La.App. 4 Cir. 1972). *See also, State ex rel. D.P.B.*, 02-1742 (La. 5/20/03), 846 So.2d 753.

The Petition for Delinquency charged N.W.L. with aggravated burglary, a violation of La.R.S. 14:60. Additionally, the petition provided, in pertinent part:

> On September 20, 2007 at 1800 hrs the said juvenile participated in committing a burglary at the residence of the Idens' [sic] located [at] 2109 Deslatte Street. Once entry was gain [sic] into the residence the subject stolen [sic] a 9MM Handgun, thus arming themselves as th[e]y left the residence.

The caption of the minute entry of the initial hearing, however, contains the charges of aggravated burglary and unauthorized entry. The State asserts that it orally amended the bill of information at the initial hearing to add the charge of unauthorized entry of an inhabited dwelling to the original charge of aggravated burglary. The minute entry of the initial hearing indicates that the trial court advised N.W.L. of the "nature of the allegation in the petition." Information obtained from the trial court indicates that no written charge of unauthorized entry of an inhabited dwelling is available.[1] Nevertheless, at the beginning of the adjudication proceeding, the trial court stated: "I am going to find this matter is of proper posture to come

---

[1]In response to this court's inquiry regarding a related appeal by M.L.L., one of N.W.L.'s accomplices, the trial court advised that no transcript or recording of the initial hearing is available.

2

before the court for purposes for adjudication hearing under the delinquency code as a result of the charges brought against each of the Juveniles for aggravated burglary and an unauthorized entry."

At the adjudication hearing, the trial court found, in pertinent part:

Considering the taped statement that was issued by the fourth juvenile that was [sic] previous [sic] been tried in this matter. He seemed to be pretty clear based upon that statement that the four of them went to the house for the purposes of gaining entrance to the home and removing the firearm of [sic] the gun; specifically at the urging of N.L. and that M.L. actually was his co-conspirator to the fact that he went in the house with him specifically for that . . . .

I do believe that the state has established beyond a reasonable doubt that on or about the [sic] September 20, 2007 that the juveniles did in fact enter the home of Idens for the purpose of committing a theft and that such entry was in fact both [sic] an unauthorized entry of an inhabited dwelling pursuant to the provisions of La. Revised Statute 14:62.3.

The issue of the aggravated burglary, one of the basic tenants [sic] of aggravated burglary, is that after entering the individual or in this case as principle [sic] individuals arm themselves with a dangerous weapon. The testimony and the evidence seem to be very clear that some items were taken from the home. And in this case the only testimony, other than the fact that a gun is missing during the occurrence of this burglary, and the evidence would suggest that the gun was taken in the burglary.

However, the testimony of the witnesses, including the testimony of the other juvenile that was there, that he didn't see the gun; he didn't see anybody with the gun. All he saw was some bullets that were taken. Making it impossible for the court to conclude that the States [sic] carried the burden of proven [sic] beyond a reasonable doubt that an aggravated burglary was committed, because I can't find that someone armed themselves with a dangerous weapon specifically the gun.

I do believe that the defendants, as juveniles, did in fact commit a violation as previously stated of La. Revised Statute 14:60.3 [sic], Unauthorized entry of an inhabited dwelling. It is a felony grade adjudication. In addition to that, I also believe that they committed a violation of La. Revised Statute 14:62, which is a simple burglary. And by that also violation of La. Revised Statue [sic] 62.2, which is a simple burglary of an inhabited dwelling. The dwelling being the home of the Iden's [sic] as specifically testified in this [sic].

3

As a result of this finding I am going to find that both N.L. and M.L. are delinquent offenders as a result of this offense.[2]

The minute entry from the adjudication hearing reflects that the State amended the aggravated burglary charge to simple burglary. However, the transcript of the adjudication hearing does not indicate that such an amendment was made. Nevertheless, the pre-disposition report, which was prepared by the Office of Youth Development at the trial court's request, states that the trial court found that N.W.L. committed the offenses of simple burglary and unauthorized entry of an inhabited dwelling.

The responsive verdicts listed in La.Code Crim.P. art. 814(A)(42) for aggravated burglary are as follows:

Guilty.
Guilty of attempted aggravated burglary.
Guilty of simple burglary.
Guilty of attempted simple burglary.
Guilty of simple burglary of an inhabited dwelling.
Guilty of attempted simple burglary of an inhabited dwelling.
Guilty of unauthorized entry of an inhabited dwelling.
Guilty of attempted unauthorized entry of an inhabited dwelling.
Not guilty.

After carefully reviewing the record, however, we are unable to determine whether the trial court found that N.W.L. committed unauthorized entry of an inhabited dwelling only, unauthorized entry of an inhabited dwelling and simple burglary, or unauthorized entry of an inhabited dwelling, simple burglary, and simple burglary of an inhabited dwelling.[3]

_____

[2]The minute entry from the adjudication hearing does not indicate the specific offense or offenses which the trial court found that N.W.L. committed.

[3]The State asserts that the trial court found that N.W.L. committed the offense of unauthorized entry of an inhabited dwelling. N.W.L. asserts that the trial court found that he had committed simple burglary, simple burglary of an inhabited dwelling, and unauthorized entry of an inhabited dwelling.

4

Although there are no reported cases dealing with this issue when the trier of fact was a judge, this issue has been addressed when the trier of fact was a jury. In *State v. Broadnax,* 216 La. 1003, 1018, 45 So.2d 604, 608 (1950), the court held that "the first object of the appellate court in construing the verdict is to ascertain with reasonable certainty the intention of the jury, which intent may be ascertained or arrived at by reference to the indictment or information and the charge of the court." The *Broadnax* court further explained:

> There are certain well recognized rules of construction to be used in determining whether a verdict returned by a jury is so obscure, uncertain, and meaningless as to be invalid.
>
> . . . .
>
> "In arriving at the intention of the jury the verdict should receive a liberal rather than a strict construction. The verdict is not to be construed as strictly as a pleading, but is to have a reasonable intendment and construction. It should be construed with reference to the pleadings, and it should be construed with reference to the evidence, instructions, the proceedings at the trial, the forms of verdict submitted, and to the entire record; and if, when so construed, it is definite and clearly expresses the intention of the jury and is otherwise legal, technical objections or mere inaccuracies of expression will not render it void. If the intention of the jury can be *ascertained with reasonable certainty*, the verdict will be sustained."
>
> The appellate courts of this country have recognized, accepted, and followed these rules. . . .

*Id.* at 216 La. at 1010-13, 45 So.2d at 606-07 (quoting 23 C.J.S. *Criminal Law*, § 1409, p. 1107). *See also*, *State v. Williams,* 386 So.2d 1342 (La.1980) and *State v. Odle*, 02-226 (La.App. 3 Cir. 11/13/02), 834 So.2d 483, *writ denied*, 03-625 (La. 6/20/03), 847 So.2d 1219.

Consequently, we must try to construe the trial court's finding by reviewing the record to ascertain, with reasonable certainty, its intention. At the disposition hearing, the trial court stated, in pertinent part:

5

Ok, this under Docket #2114 in the interest of M.L., it's an aggravated burglary charge [that] occurred on or about September 20, 2007.

N.L. is #2115. . . .

In this case, the court really hasn't changed its mind that a confession as it originally implicated these young people that for the most part that it was N.L., M.L. and D.J. who went into the house, while D.A. acted as a lookout and while they were in the house did physically remove the firearm that belonged to the Idens.

. . . .

In the matter of the State of Louisiana, in the interest of N.L., I am satisfied based upon the documentation that has been provided and the recommendations made therein; the review of the school records and the testimony of the parties, that again there are not sufficient community based resources to avoid the need for removal of the juvenile from the community. I am also going to remand N.L. to the custody of the State of Louisiana, for a period of two years, with the Office of Youth Development, with the recommendation for non-secure placement.

At the disposition hearing, the trial court never referred to the specific offense or offenses which he had found that N.W.L. committed. The custody order signed by the trial court provides that N.W.L. was adjudicated delinquent on the offenses of simple burglary and unauthorized entry of an inhabited dwelling.

After reviewing the record, we are unable to ascertain with reasonable certainty regarding which offense or offenses the trial court determined that N.W.L. committed. Having so found, we must determine the proper remedy for this error.

In *State v. Nazar*, 96-175 (La.App. 4 Cir. 5/22/96), 675 So.2d 780, the appellate court found that the trial court lacked authority to clarify its verdict. Nazar was originally charged with aggravated battery, but the charge was amended to simple battery. The trial court found the defendant guilty of attempted simple battery, a non-verdict. The State filed a motion to clarify the verdict. The trial court vacated its previous verdict and found the defendant guilty of simple battery. Nazar appealed

6

to the Criminal District Court Appellate Division, which reversed the conviction and acquitted him of the charge. The fourth circuit granted the State's application to review the ruling.

On appeal, one of the arguments asserted by the State was that the trial court had authority to replace the invalid verdict with a valid verdict pursuant to La.Code Crim.P. art. 813. The fourth circuit held, in pertinent part:

> According to the State, the trial court may vacate its prior verdict and find the defendant guilty of simple battery. La.C.Cr.P. art. 813 provides:
>
>> If the court finds that the verdict is incorrect in form or is not responsive to the indictment, it shall refuse to receive it, and shall remand the jury with the necessary oral instructions. In such a case the court shall read the verdict, and record the reasons for refusal.
>
> Under La.C.Cr.P. art. 820 all provisions regulating responsive verdicts and the effect of verdicts shall apply to cases tried without a jury. Contrary to the State's position, La.C.Cr.P. art. 813 does not provide for a motion to clarify the verdict. The State cites no article of the Code of Criminal Procedure or statute which gives the trial court authority to change its prior verdict. The trial court had no authority to vacate a prior verdict of guilty on attempted simple battery (even though not a recognized crime) and to find the defendant guilty of the greater offense of simple battery. The trial court erred by "clarifying" the verdict to guilt [sic] of simple battery.

*Id*. at 781-82.

We agree with the holding in *Nazar* and conclude that the fourth circuit's reasoning is applicable to situations where an appellate court is unable to ascertain the lower court's finding as to which offense(s) the defendant has been found guilty of committing. Accordingly, we reverse N.W.L.'s adjudication of delinquency, vacate his disposition, and remand the matter to the trial court for further proceedings.

Louisiana Code of Criminal Procedure Article 598(A) provides that "[w]hen a person is found guilty of a lesser degree of the offense charged, the verdict or

7

judgment of the court is an acquittal of all greater offenses charged in the indictment and the defendant cannot thereafter be tried for those offenses on a new trial." The ruling of the trial court clearly indicates that the State failed to present sufficient evidence to support a finding that N.W.L. committed aggravated burglary; rather, the evidence shows that N.W.L. committed a lesser included offense or offenses. Therefore, we order that N.W.L. be acquitted of the charge of aggravated burglary.

Our disposition of the error patent addressed herein pretermits discussion of N.W.L.'s assignments of error and other errors patent.

## CONCLUSION

We reverse N.W.L.'s adjudication of delinquency, vacate his disposition, and remand the matter to the trial court for further proceedings. Additionally, an order of acquittal is entered for the charge of aggravated burglary.

**DELINQUENCY REVERSED; DISPOSITION VACATED; CASE REMANDED**.