NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

20-250

STATE OF LOUISIANA

VERSUS

RANDY BALDRIDGE

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. CR-85046
HONORABLE JOHN DAMIAN TRAHAN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*
**D. KENT SAVOIE**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, John E. Conery and D. Kent Savoie, Judges.

**APPEAL DISMISSED AS MOOT.**

**Keith A. Stutes, District Attorney**
**Fifteenth Judicial District**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P.O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR APPELLANT:**
     **Randy Baldridge**

**Savoie, Judge.**

Defendant, Randy Keith Baldridge, II, was charged with the first degree rape of N.M., an eight-year-old child, a violation of La.R.S. 14:42(4). A jury found him guilty of the responsive verdict of indecent behavior with a juvenile, a violation of La.R.S. 14:81, on September 27, 2018. The trial court sentenced Defendant to twenty-five years at hard labor with at least two years to be served without benefit of parole, probation, or suspension of sentence on December 6, 2018. Defendant sought review of his conviction and sentence. On October 16, 2019, this Court issued an opinion in *State v. Baldridge*, 19-158 (La.App. 3 Cir. 10/16/19)[1], affirming Defendant's conviction but vacating his sentence and remanding the case for resentencing. Defendant was resentenced on January 6, 2020. The instant appeal seeks review of Defendant's resentencing.

On June 3, 2020, the Louisiana Supreme Court remanded 19-158 to this court for a new errors patent review in light of *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390 (2020). On August 12, 2020, this Court issued an opinion in *State v. Baldridge*, 19-158 (La.App. 3 Cir. 8/12/20), 304 So.3d 1067, vacating Defendant's conviction and remanding the matter for a new trial in accordance with *Ramos*.

On December 16, 2020, Defendant filed a "Motion for Consideration of Appeal Summarily." The motion suggests "expedited consideration of the current appeal, without the need for briefs, would expediently resolve this matter without necessity of time, effort, and expense of issuing briefing notices and docketing of the case." Since this Court's August 12, 2020 opinion was silent as to the sentence, Defendant's motion requests this Court "render an opinion in the current appeal,

---

[1] The opinion does not indicate it was not designated for publication, but the opinion could not be located on Westlaw.

setting aside the sentence as this court's action in KA 19-158 set aside Appellant's conviction and a sentence cannot stand once the conviction has been set aside."

Louisiana Code of Criminal Procedure Article 872 states:

A valid sentence must rest upon a valid and sufficient:

(1) Statute;
(2) Indictment; and
(3) Verdict, judgment, or plea of guilty.

Comment (d) to Article 872 states:

The final requirement for a valid sentence is a valid and sufficient verdict, judgment, or plea of guilty. Most challenges of sentences have been directed at the sufficiency and validity of the verdict. For example, a valid sentence cannot rest upon a verdict which is not responsive to the indictment (State v. Robertson, 111 La. 809, 35 So. 916 (1904); State v. Gendusa, 190 La. 422, 182 So. 559 (1938)); nor upon a verdict which is not returned by the proper number of jurors.

In *State v. Anderson*, 17-927, pp. 5-6 (La.App. 1 Cir. 4/6/18), 248 So.3d 415, 419, *writ denied,* 18-738 (La. 3/6/19), 266 So.3d 901, (emphasis added), the court stated:

Because the verdict is invalid and *because a sentence based on an invalid verdict is itself invalid*, the conviction and sentence of the defendant must be set aside. See La. C. Cr. P. art. 872(3).

*See also State v. Blade*, 12-721 (La.App. 3 Cir. 2/6/13) (unpublished opinion)[2]; *State v. Thibodeaux*, 380 So.2d 59 (La.1980).

As *Ramos* held a non-unanimous verdict is unconstitutional and as this court vacated Defendant's conviction based on *Ramos*, Defendant's sentence is invalid pursuant to the above-cited statute and jurisprudence. Therefore, Defendant's appeal of his resentencing is dismissed as moot.

**APPEAL DISMISSED AS MOOT.**

---

[2]2013 WL 440573.