597 So.2d 108 (1992)
STATE of Louisiana
v.
Abram L. MAJOR.
No. 91-KA-1346.
Court of Appeal of Louisiana, Fourth Circuit.
March 31, 1992.
*109 Harry F. Connick, Dist. Atty., Charmagne Padua, Asst. Dist. Atty., New Orleans, for the State.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant.
Before CIACCIO, ARMSTRONG and PLOTKIN, JJ.
PLOTKIN, Judge.
Defendant, Abram L. Major, was charged with simple burglary and attempted simple escape. The latter charge was reduced and amended to resisting an officer. In a non-jury trial, he was convicted of criminal trespass and resisting an officer and sentenced to serve 4 month's in Parish Prison on each charge, with credit for the time served. The sentences were to run concurrently.
On January 26, 1990 Officer Blank was assigned to watch the police parking lot at the First District Police Station because a number of the police cars which had been parked there had been recently vandalized and burglarized. He saw the defendant exit the passenger side of a white car parked in the lot. At the time, Officer Blank thought that the defendant owned the car and had erroneously parked it in the lot reserved for the police. Officer Blank approached the defendant, to tell him that he could not park there. As he did so, the defendant began to walk off in the opposite direction. Officer Blank then saw that another man was with the defendant. The defendant's companion, who was crouched down outside the car on the passenger side, walked away with the defendant when he saw the officer.
Officer Blank got in his police car and followed them. He caught up with them near the Covenant House at the intersection of N. Rampart and St. Peter. He radioed for back-up assistance. As he approached them, the defendant's companion stopped, but the defendant kept walking. However, some other officers, who had responded to Officer Blank's call for back-up assistance, stopped the defendant. The defendant said he had not stopped earlier because he had to go to the bathroom and was looking for a toilet. In response to questioning by Officer Blank, the defendant denied that he had been in the First District parking lot and said that he did not know what Officer Blank was talking about.
Officer Blank then put the defendant and his companion in the police car, told them that they were under investigation, read them their rights and took them to the First District police station. Once they arrived at the station, Officer Blank found out from another officer that the white car that he had seen the defendant exit belonged to Officer Robin Vincent, a First District policewoman. Officer Vincent was called away from her beat in the French Quarter to return to the First District station. She identified the white car as hers and said that she did not know the defendant or his companion nor had she given either of them permission to enter her car. She examined her car and determined that thirty dollars was missing from the glove compartment.
The defendant and his friend were then formally arrested. In the course of the arrest, the defendant gave Officer Blank nine to ten different names, four or five different social security numbers, several different dates of birth and various different addresses. While the officer was on the telephone trying to determine the defendant's true identity, the defendant knocked over a partition in the police station and made a run for the back door. Two policemen who were entering the station via the back door apprehended the defendant. When the defendant was strip-searched thirty dollars was found stuffed in his shorts.
The defendant testified that, on the day in question, he went from the Iberville Housing Project to Covenant House to visit a friend. He got into a fight with someone at the Covenant House. Shortly after the fight broke up, Officer Blank drove up, searched him and told him to get into the *110 police car. He was taken to the police station where he was beaten and pushed into a wall. He denied breaking into Officer Vincent's car and denied that any money was found on him when he was searched. He claimed that he was falsely arrested and framed because the $30.00 belonged to another police officer who removed the money from his wallet, photostated the bills, and placed them in evidence.
The defendant was charged with the crime of simple burglary but found guilty of criminal trespass. The defendant contends that criminal trespass is not a responsive verdict to simple burglary. Therefore he is entitled to a reversal of his conviction.
L.C.Cr.P. art. 814 sets forth the responsive verdicts to simple burglary. They are: guilty, guilty of attempted simple burglary, guilty of unauthorized entry of a place of business, and guilty of attempted unauthorized entry of a place of business. Criminal trespass is not a responsive verdict to simple burglary. L.C.Cr.P. art. 814; State v. Jones, 426 So.2d 1323 (La.1983).
When responsive verdicts are mandated by Article 814, as they are in this case, the trial court is without authority to alter or add to the legislatively prescribed responsive verdicts. The rendition of a verdict unresponsive to the charge is an error patent. It requires that the conviction and sentence be reversed and the case remanded for a new trial. State v. Thibodeaux, 380 So.2d 59 (La.1983).
The defendant's conviction and sentence for criminal trespass is reversed and vacated. The case is remanded for a new trial on the simple burglary charge.
The defense contends that insufficient evidence was presented to convict him of resisting an officer.
The offense of resisting an officer, as defined by R.S. 14:108, is punishable by fine of not more than five hundred dollars or imprisonment for not more than six months, or both. Since this offense is not punishable by imprisonment at hard labor, it is a misdemeanor. R.S. 14:2. A defendant charged with a misdemeanor like this one is not entitled to a jury trial. L.C.Cr.P. art. 779. This court has jurisdiction only over those criminal offenses triable by jury. La. Const. Art. 5, Sect. 10. Thus this court lacks jurisdiction over the resisting arrest conviction.
The appeal of the conviction of resisting an officer is remanded to the Appellate Division of the Criminal District Court.
Accordingly, the criminal trespass conviction and sentence are reversed and remanded for a new trial. The resisting an officer conviction and sentence are remanded to the Appellate Division of the Criminal District Court.