JjPER CURIAM.
Writ Granted. Because the record below is insufficient to determine why counsel failed to move for a mistrial after the trial court sustained his objection to the state’s rebuttal argument, which suggested, without any basis in the record, that the defendant made his living by selling crack cocaine, and because the failure to make such a motion could be considered sound trial strategy by an attorney who had made his point with the objection but was otherwise satisfied that he had selected a favorable jury, the court of appeal erred in reversing the defendant’s conviction. State v. Allen, 94-1941, p. 8 (LaApp. 1st Cir.11/9/95), 664 So.2d 1264, 1271 (investigation of strategy decisions requires evidentiary hearing and thus not subject to review on appeal); State v. Martin, 607 So.2d 775, 788 (La.App. 1st Cir.1992) (same). Accordingly, we reverse the court of appeal’s decision, reinstate the defendant’s conviction and sentence, and refer the defendant to post-conviction proceedings on his claim of ineffective assistance of counsel. See, e.g., State v. Ratcliff, 416 So.2d 528, 530 (La.1982) (application for post-conviction ^relief appropriate method of seeking relief when record does not contain evidence sufficient to decide issue on appeal). Finally, because the record contains insufficient evidence of counsel’s intent, and because the court of appeal erred in finding otherwise, the defendant’s claim of ineffective assistance shall not be considered fully litigated on appeal for purposes of La.C.Cr.P. art. 930.4(A).
JOHNSON, J., would deny the writ.