817 So.2d 16 (2002)
STATE of Louisiana
v.
Eddie SIMMONS.
No. 2001-K-0293.
Supreme Court of Louisiana.
May 14, 2002.
*17 Martin E. Reagan, Jr., Lane R. Trippe, Kristen A. Moe, New Orleans, Eddie Simmons (Pro Se), for Applicant.
Richard P. Ieyoub, Attorney General, Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alison Wallis, Harvey, for Respondent.
KIMBALL, Justice.[*]
This case involves a prosecution for unauthorized entry of an inhabited dwelling *18 in which the jury returned a responsive verdict of guilty of the lesser offense of attempted unauthorized entry of an inhabited dwelling. We granted certiorari to consider whether the trial court erred in refusing defendant's request to include criminal trespass as a responsive verdict in the jury charges. For the reasons that follow, we conclude that criminal trespass is a lesser and included grade of the offense charged and is therefore a responsive verdict required to be included in the jury charges. Consequently, we find the trial court erred in failing to charge the jury regarding the crime of criminal trespass.

Facts and Procedural History
On March 7, 1999, defendant, Eddie Simmons, forced his way into the apartment of his ex-girlfriend and smashed her television set with a mallet. On April 5, 1999, defendant was charged by bill of information with unauthorized entry of an inhabited dwelling in violation of La. R.S. 14:62.3. Defendant was subsequently tried by a six-member jury. At the close of the jury charge conference, defense counsel requested that criminal trespass be added to the jury charges as a responsive verdict. Over defense counsel's objection, the trial court denied the request, finding that criminal trespass was not a responsive verdict to the charged offense. After the charges were read and during its deliberations, the jury asked the trial court to reread the instruction on attempt, the only lesser included offense given in the charges.[1] The jury thereafter unanimously found defendant guilty of attempted unauthorized entry of an inhabited dwelling.
The trial court sentenced the defendant as a habitual offender to six years imprisonment at hard labor.[2] Defendant's felony conviction and sentence were affirmed on appeal.[3]State v. Simmons, 00-950 (La. App. 5 Cir. 12/27/00), 778 So.2d 112 (unpublished opinion). With respect to the responsive verdict issue, the court of appeal concluded that the trial judge had correctly refused to give an instruction on criminal trespass because defendant had not presented the proposed jury charge in writing to the court as required by La. C.3Cr.P. art. 807.
This court granted defendant's application for certiorari, being particularly concerned with issue of whether the trial court correctly refused to give the jury an *19 instruction on criminal trespass. State v. Simmons, 01-0293 (La.1/11/02), 806 So.2d 652. For the reasons that follow, we conclude the trial court erred in refusing to include criminal trespass as a responsive verdict in the jury charges and reverse defendant's conviction and sentence for attempted unauthorized entry of an inhabited dwelling.

Law and Discussion
In La.C.Cr.P. art. 803, it is mandated that the trial court shall charge the jury as to the law applicable to the charged offense and to any other offenses of which the accused could be found guilty under the provisions of La.C.Cr.P. arts. 814 or 815. There are no statutory responsive verdicts provided in Article 814 for unauthorized entry of an inhabited dwelling, and the matter is therefore controlled by Article 815. Article 815 states that in all cases not provided for in Article 814, the responsive verdicts are guilty, guilty of a lesser and included grade of the offense even though the offense charged is a felony and the lesser offense a misdemeanor, or not guilty. See also La. R.S. 14:5 ("An offender who commits an offense which includes all the elements of other lesser offenses, may be prosecuted for and convicted of either the greater offense or one of the lesser and included offenses. In such case, where the offender is prosecuted for the greater offense, he may be convicted of any one of the lesser and included offenses.").
Lesser and included offenses are those in which all of the essential elements of the lesser offense are also essential elements of the greater offense charged. State v. Porter, 93-1106 (La.7/5/94), 639 So.2d 1137; State v. Dufore, 424 So.2d 256 (La.1982); State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La.1982). Stated another way, "if any reasonable state of facts can be imagined wherein the greater offense is committed without perpetration of the lesser offense, a verdict for the lesser cannot be responsive." State v. Simmons, 422 So.2d 138, 142 (La.1982) (quoting State v. Poe, 214 La. 606, 38 So.2d 359, 363 (1948) (on rehearing)). Consequently, evidence which would support a conviction of the charged offense would necessarily support a conviction of the lesser and included offense. Dufore at 258; Elaire, at 248-49. Because this is the case, when the defendant requests that the jury be instructed on the law applicable to an offense which is truly a lesser and included offense of the charged offense, the trial court has no discretion to refuse to give the requested instruction. Dufore at 258.
In addressing defendant's objection to the trial court's failure to give an instruction on criminal trespass, the court of appeal did not consider the merits of defendant's argument. Instead, the court of appeal held that the trial court did not err in refusing to give the requested charge because defendant did not present the proposed instruction in writing as required by La.C.Cr.P. art. 807. The court of appeal erred in applying Article 807 to the situation presented in this matter and in finding that defendant's request for an instruction on criminal trespass was required to be in writing.
Article 807, entitled "Special written charges," provides:
The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.
A requested special charge shall be given by the court if it does not require *20 qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.
By its own terms, this article requires written submission of requested "special charges." In this case, however, defendant's request that the jury be given an instruction on criminal trespass as a responsive verdict pursuant to La.C.Cr.P. art. 815 was not a request for a "special charge." Special charges are to be distinguished from general charges, that category under which lesser and included grades of the charged offense, i.e., responsive verdicts pursuant to La.C.Cr.P. art. 815, fall. See Ralph Slovenko, Control Over the Jury Verdict in Louisiana Criminal Law, 20 La. L.Rev. 657, 663-67 (1960) (distinguishing special charges from general charges and explaining, under the heading of "general charges," that the trial judge "must charge the law as to the lesser included offense which the jury can return a verdict"). This court recognized this distinction in State v. Wilson, 315 So.2d 646, 649 (La.1975), as follows:
The trial judge is required to charge the jury as to the law that is "... applicable to the case." La.Code Crim.P. art. 802 (1966). This includes all other offenses of which the accused may be convicted by responsive verdict. Id. art. 803. In addition to the charges that the trial judge must give in every case, article 807 allows the state and the defendant to submit requested special charges.
Because responsive verdicts that are required by La.C.Cr.P. arts. 803 and 815 are not special charges, they are not required to be requested in writing pursuant to La.C.Cr.P. art. 807.[4] Defendant's request for an instruction on criminal trespass was therefore not required to be submitted in writing. In fact, the record reveals that the trial court's denial of defendant's request was not based on the fact that the request was made orally rather than in written form. The trial court denied defendant's request because it was of the opinion that criminal trespass was not a responsive verdict to the charged offense. The court of appeal erred in its determination that the trial court was not required to give the requested charge on the grounds that it was not submitted in writing.
Turning to the merits of defendant's request, we note defendant specifically asked the trial court to charge the jury on the law applicable to the offense of criminal trespass. As explained above, defendant was statutorily entitled to such an instruction if criminal trespass is a lesser and included grade of unauthorized entry of an inhabited dwelling, the charged offense. We must therefore determine whether all the elements of criminal trespass are also essential elements of unauthorized entry of an inhabited dwelling.
Unauthorized entry of an inhabited dwelling, the charged offense, is defined by La. R.S. 14:62.3 as "the intentional entry by a person without authorization into any inhabited dwelling or other structure belonging to another and used in whole or in part as a home or place of abode by a person." Likewise, La. R.S. 14:63 provides for the crime of criminal trespass in pertinent part as follows:
A. No person shall without authorization intentionally enter any structure, watercraft, or movable.

*21 B. No person shall intentionally enter immovable property owned by another:
(1) When he knows his entry is unauthorized, or
(2) Under circumstances where he reasonably should know his entry is unauthorized.
Criminal trespass thus includes the unauthorized and intentional entry of any structure, elements which are also found in the crime of unauthorized entry of an inhabited dwelling. We cannot imagine a situation in which a person can be guilty of unauthorized entry of an inhabited dwelling without also being guilty of criminal trespass. We therefore find that criminal trespass is a lesser included offense and a responsive verdict to a charge of unauthorized entry of an inhabited dwelling.
The trial court erred in denying the defendant's request to give the jury on instruction on criminal trespass. This error was not harmless because there is a reasonable possibility that the error affected the outcome. Given the fact that the jury, after requesting further instruction, returned a verdict of the only lesser included offense offered, it is entirely possible that the jury would have returned a verdict for the lesser misdemeanor offense of criminal trespass if that charge had been given. This difference is significant since defendant would have escaped sentencing as a multiple offender under La. R.S. 15:529.1 if the jury had convicted him of criminal trespass, a misdemeanor. Defendant's conviction for attempted unauthorized entry of an inhabited dwelling must therefore be reversed.
Because we have concluded that defendant's conviction and sentence for attempted unauthorized entry of an inhabited dwelling must be reversed due to the trial court's failure to give an instruction on the responsive verdict of criminal trespass, we need not address his remaining assignments of error dealing with his request for a mistrial.

Decree
Defendant's conviction and sentence for attempted unauthorized entry of an inhabited dwelling is reversed and the matter is remanded for a new trial.[5]
Reversed and remanded.
NOTES
[*] Retired Justice Walter F. Marcus, Jr., assigned as Justice ad hoc, sitting for Chief Justice Pascal F. Calogero, Jr., recused.
[1] Specifically, in this case, the jury was presented with three possible verdicts it could return: (1) Guilty of unauthorized entry of an inhabited dwelling; (2) Guilty of attempted unauthorized entry of an inhabited dwelling; or (3) Not guilty. After retiring to deliberate, the jury sent a note to the trial judge which asked for a "fuller explanation of response Number 2." The jury was then brought back into the courtroom and again read the charges dealing with specific intent, attempt and the responsive verdict of attempted unauthorized entry of an inhabited dwelling.
[2] Defendant was also charged with simple battery and simple criminal damage to property valued at less than five hundred dollars. These charges were tried in a simultaneous bench trial after which the trial court found defendant guilty as charged on both counts. Defendant was sentenced to serve a six-month term of imprisonment for each of these misdemeanor convictions, with the sentences to run concurrently with each other and with the sentence for the felony conviction. The misdemeanor convictions and sentences are not before us in this case.
[3] Pursuant to its error patent review, the court of appeal noted that the trial court failed to impose the enhanced sentence "without benefit or probation or suspension of sentence" as mandated by La. R.S. 15:529.1(G). However, the court of appeal found the error harmless in light of the fact that the trial court did not affirmatively suspend any portion of the sentence or impose any probationary period.
[4] Even in cases where La.C.Cr.P. art. 807 is applicable, this court has held that the writing requirement may be waived. See State v. Haddad, 99-1272 (La.2/29/00), 767 So.2d 682; State v. Henderson, 362 So.2d 1358 (La.1978).
[5] The new trial must be for attempted unauthorized entry of an inhabited dwelling, since under La.C.Cr.P. art. 598 the conviction for the lesser offense is an acquittal of the charged offense of unauthorized entry of an inhabited dwelling.