824 So.2d 529 (2002)
STATE of Louisiana
v.
Francisco HERNANDEZ.
No. 02-KA-340.
Court of Appeal of Louisiana, Fifth Circuit.
July 30, 2002.
*530 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant D.A., Alison Wallis, Assistant D.A., Gretna, LA, for Plaintiff-Appellee.
Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, LA, for Defendant-Appellant.
(Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and WALTER J. ROTHSCHILD).
EDWARD A. DUFRESNE, Jr., Chief Judge.
The Jefferson Parish District Attorney filed a bill of information charging defendant, Francisco Hernandez, with unauthorized entry of an inhabited dwelling, in violation of LSA-R.S. 14:62.3. The matter proceeded to trial before a six person jury which found defendant guilty as charged. The trial judge sentenced defendant to six years of imprisonment at hard labor.
The state subsequently filed a bill of information pursuant to LSA-R.S. 15:529.1 alleging defendant to be a second felony offender. After defendant admitted to the allegations of the multiple bill, the trial judge found him to be a second felony offender. He then vacated defendant's original sentence and imposed an enhanced sentence of eight years imprisonment at hard labor without benefit of probation or suspension.
Defendant now appeals, arguing that the trial court erred by denying his request to instruct the jury that the crime of criminal trespass is a responsive verdict to the charged offense of unauthorized entry of an inhabited dwelling. We find merit to defendant's argument.
In a recent decision, State v. Simmons, 01-K-0293 (La.5/14/02), 817 So.2d 16, the Louisiana Supreme Court reversed the defendant's conviction and sentence and remanded the case for a new trial after concluding that criminal trespass is a responsive verdict to the charge of unauthorized entry of an inhabited dwelling. In Simmons, the supreme court reasoned as follows:
Turning to the merits of defendant's request, we note defendant specifically asked the trial court to charge the jury on the law applicable to the offense of criminal trespass. As explained above, defendant was statutorily entitled to such an instruction if criminal trespass is a lesser and included grade of unauthorized entry of an inhabited dwelling, the charged offense....
. . . .
Criminal trespass thus includes the unauthorized and intentional entry of any structure, elements which are also found in the crime of unauthorized entry of an inhabited dwelling. We cannot imagine a situation in which a person can be guilty of unauthorized entry of an inhabited dwelling without also being guilty of criminal trespass. We therefore find that criminal trespass is a lesser included offense and a responsive verdict to a charge of unauthorized entry of an inhabited dwelling.
In this case, defendant likewise specifically requested the trial court to charge the jury on the law applicable to the offense of criminal trespass. Based on State v. Simmons, we find that the trial judge erred in refusing to include criminal trespass as a responsive verdict to the charged offense. Accordingly, defendant's conviction for unauthorized entry of an inhabited dwelling is reversed, and the matter is remanded for a new trial.
REVERSED AND REMANDED.