LPER CURIAM.
Granted in part; otherwise denied. The record below is insufficient to determine the merits of defendant’s ineffective assistance of counsel claim addressing the failure of counsel to request a jury instruction listing criminal trespass as a responsive verdict to the charged offense of unauthorized entry of an inhabited dwelling in violation of La.R.S. 14:62.3. Accordingly, we reverse that portion of the court of appeal’s decision purporting to reject the claim on the merits, but otherwise affirm the defendant’s conviction and sentence in all other respects, and refer the defendant to post-conviction proceedings. See State v. Armstrong, 02-2464 (La.9/5/03), 855 So.2d 731; see also State v. Simmons, 01-0293, pp. 6-7 (La.5/14/02), 817 So.2d 16, 21 (criminal trespass is a lesser and included offense of unauthorized entry of an inhabited dwelling, entitling defendant charged with the latter offense to instruction on the former, particularly when defendant would have escaped sentencing as multiple offender had he been convicted of a misdemeanor); State v. Hernandez, 02-0340 (La.App. 5th Cir.7/30/02), 824 So.2d 529 (same). 1 ^Accordingly, defendant’s claim of ineffective assistance shall not be *693 considered fully litigated on direct appeal for purposes of La.C.Cr.P. art. 930.4(A). See State v. Robinson, 01-1373, p. 1 (La.4/26/02), 816 So.2d 846. In all other respects, the application is denied.
TRAYLOR, J., would deny the writ.