PAUL A. BONIN, Judge.
 

 |TThe jury unanimously found Larry Allen guilty as charged of one count of attempted carjacking
 
 [1]
 
 and one count of purse snatching.
 
 [2]
 
 Adjudicated a second offender
 
 [3]
 
 the trial judge sentenced Mr. Allen to serve 15 years on each count.
 
 [4]
 
 For the reasons which follow, we affirm the conviction and sentence on the attempted carjacking count, but reverse the conviction on the purse snatching count, vacate that sentence, and remand for a new trial.
 

 In the closing hours of Mardi Gras Day 2007 Larry Allen entered a Mercedes Benz parked near Poydras Street in New Orleans which was occupied by Casey Marie Herron. Mr. Allen profanely declared to Ms. Herron his intention to steal the car. He mistakenly believed the keys were in the ignition, and reached over to start the car. When he realized that the keys were not in the car, he struck Ms. Herron in the face, grabbed a pink “purse” in the car, and fled on foot.
 

 LJust then, two off-duty police officers on their way to a party heard Ms. Her-ron’s screams and observed Mr. Allen running with the pink “purse” under his arm. They pursued him and captured him a short distance away in possession of the pink purse. Ms. Herron eventually caught up with them and identified Mr. Allen as the perpetrator.
 

 We have independently reviewed the record for errors patent
 
 [5]
 
 and find none. The defendant for his part assigns only one error in his appeal, which has merit.
 
 [6]
 

 The pink purse is more accurately described as a “make-up bag”. Mr. Allen snatched it. La. R.S. 14:65.1(A) provides:
 

 Purse snatching is the
 
 theft of anything of value
 
 contained within a purse or wallet
 
 at the time of the theft,
 
 from the person of another or which is in the immediate control of another, by use of force, intimidation, or by snatching, but not armed with a dangerous weapon.
 

 (Emphasis added)
 

 The contents of the make-up bag included cosmetics and a “necklace, or bracelet, or something”. At the conclusion of the evidence and before closing argument, the trial judge conducted a charge conference with the prosecutor and defense counsel. During the conference and on the record, relying upon the provisions of La.C.Cr.P. art. 803,
 
 [7]
 
 the defense requested that the
 
 *501
 
 jury be instructed with responsive verdicts on theft. After some discussion during which the prosecution expressed its opposition to the defense’s request, the trial judge ^refused to include any responsive verdict except “guilty of attempted purse snatching” and of course that of “not guilty”.
 

 The defendant timely objected out of the jury’s presence and before the beginning of its deliberations to the charge given by the court and, as noted earlier, made this its sole assignment of error. La.C.Cr. P. art. 801(C).
 

 State v. Marts,
 
 98-0099 (La.App. 4 Cir. 5/31/00), 765 So.2d 438 controls the outcome of this matter and requires reversal of the conviction for purse snatching because the trial judge did not instruct the jury on the responsive verdicts of the theft and its grades. As we stated in
 
 Marts
 
 at pp. 11-12, 765 So.2d at 445:
 

 ... all essential elements of the crime of theft are included in the crime of purse snatching: (1)
 
 the theft,
 
 (2)
 
 of anything of value
 
 contained within a purse or wallet at the time of the theft, (3)
 
 from
 
 the person of
 
 another
 
 or which is in the immediate control of another, (4) by use of force, or intimidation, or by snatching, i.e.,
 
 without the consent of another.
 
 As such, theft is clearly a lesser and included offense of purse snatching.
 

 The Louisiana Supreme Court held in
 
 State v. Simmons,
 
 2001-0293, p. 4 (La.5/14/02), 817 So.2d 16, 19 that a “trial court has no discretion to refuse to give the requested instruction” “applicable to an offense which is truly a lesser and included offense of the offense charged.” We concluded
 
 Marts
 
 by describing the trial court’s error as “highly prejudicial” and by remanding the matter for a new trial.
 

 The prosecution urges that we overrule
 
 Marts.
 
 However, the prosecution has not suggested any controlling authority for the proposition that
 
 Marts
 
 was decided wrongly.
 

 |/Therefore, the conviction and sentence of 15 years for the attempted carjacking as a second offender is affirmed. The conviction for purse snatching is reversed, the sentence of 15 years on that count is vacated, and the case is remanded to the district court for a new trial.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 [1]
 

 . La. R.S. 14:(27)64.2.
 

 [2]
 

 . La. R.S. 14:65.1.
 

 [3]
 

 . La. R.S. 15:529.1.
 

 [4]
 

 . It appears from the transcript of the multiple bill sentencing hearing held on February 21, 2008 that Mr. Allen was sentenced to 15 years as a "second felony offender” on the attempted car jacking count only, and to another 15 years, concurrent, on the purse snatching count. A second felony offender's sentence is to be served by the defendant on "without benefit of probation or suspension of sentence.” La. R.S. 15:529.1(G). Although the defense requests in its brief that we should vacate this sentence, we note that the defendant did not file a motion to reconsider sentence under La.C.Cr.P. art. 881.1(E) nor assign that sentence as an error as required by La.C.Cr.P. art. 844(A).
 

 [5]
 

 . La.C.Cr.P. art. 920(2).
 

 [6]
 

 . The defendant has raised no issue of the sufficiency of evidence under
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) as to either count.
 

 [7]
 

 . The first paragraph of La.C.Cr.P. art. 803 reads: "When a count in an indictment sets out an offense which includes other offenses of which the accused could be found guilty under the provisions of Article 814 or 815, the
 
 *501
 
 court shall charge the jury as to the law applicable to each offense.”