# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-910


**STATE OF LOUISIANA**

**VERSUS**

**LISA M. BROWN**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 89,783
HONORABLE J. CHRISTOPHER PETERS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.


**REVERSED AND REMANDED.**

**James Edward Beal**
**Louisiana Appellate Project**
**P. O. Box 307**
**Jonesboro, LA 71251-0307**
**Telephone: (318) 259-2391**
**COUNSEL FOR:**
      **Defendant/Appellant - Lisa M. Brown**

**J. Reed Walters**
**District Attorney - 28th Judicial District Court**
**Walter Evans Dorroh, Jr.**
**Assistant District Attorney - 28th Judicial District Court**
**P. O. Box 1940**
**Jena, LA 71342**
**Telephone: (318) 992-8282**
**COUNSEL FOR:**
      **Plaintiff/Appellee - State of Louisiana**

**THIBODEAUX, Chief Judge.**

A jury convicted Defendant, Lisa M. Brown, of possession of cocaine. She appeals that conviction and asserts two assignments of error. She contends the trial court erroneously advised her that her sentence was not subject to diminution for good behavior pursuant to La.R.S. 15:571.3, and it erroneously refused to give a nullifying instruction to the jury on the charge of possession of drug paraphernalia. Because we find that the trial court erred in failing to give the requested instruction and the error was not harmless, we vacate Defendant's conviction and sentence and remand this case to the trial court. Thus, Defendant's first assignment of error is rendered moot.

I.

## ISSUES

We must decide whether the trial court erroneously refused to give a nullifying instruction to the jury on the charge of possession of drug paraphernalia.

II.

## FACTS AND PROCEDURAL HISTORY

Police stopped a vehicle in which Defendant was a passenger. During the stop, police observed a small Maverick cigarette box and a chrome cylinder-shaped object outside the driver's door. Police suspected the chrome object was used to smoke crack cocaine. Additionally, a spoon containing cocaine residue was found during a search of the backseat where Defendant was sitting. Clear cellophane wrapped in aluminum foil was found in the pocket of another passenger.

The spoon, two metal tubes, and the piece of aluminum foil containing pieces of plastic all contained white residue that tested positive for cocaine.

Defendant admitted she smoked crack cocaine earlier in the day and that the paraphernalia and/or the crack pipe belonged to her.

Defendant was charged by bill of information with possession of cocaine, in violation of La.R.S. 40:964. Defendant entered a plea of not guilty. A jury found Defendant guilty as charged. Defendant was subsequently sentenced to five years at hard labor, three of which were suspended. She was ordered placed on five years active supervised probation upon her release from incarceration. She was also ordered to pay a fine of $1,000 and costs of the proceedings. A motion to reconsider sentence was denied. A motion for appeal was filed and subsequently granted.

III.

## LAW AND DISCUSSION

**Trial Court's Failure to give Nullifying Instruction**

Defendant contends the trial court erroneously refused to give a nullifying instruction to the jury on the charge of possession of drug paraphernalia. Before the trial court gave its final jury instructions, defense counsel objected to the instructions because the trial court failed to include the responsive verdict of possession of drug paraphernalia. The trial court then stated the following:

> [T]his is a situation where I think that it would present additional exposure for Ms. Brown, as to having an additional responsive verdict for possession of drug paraphernalia in this jury instructions.[sic] Quite honestly, which would not be under a normal possession of drug paraphernalia, I mean, possession of cocaine. I do believe that according to the law and according to my notes that are contained in the Civil Law Treatise, I do believe there is a notice requirement provided and that such a notice has to be more so than just talking about it in the middle of trial. I believe there has to be some type of pleading or some type of pretrial proceeding that has - that notice is provided specifically. Therefore, that is the reason why I did not include it as a responsive verdict in the case

2

specific instructions contained in this - in the proposed jury instructions. And that's the reason for my ruling. . . .

Defendant cites the statute governing special jury charges and contends that had the trial court instructed the jury on the elements of possession of drug paraphernalia, the verdict may have been different. We agree.

Louisiana Code of Criminal Procedure Article 807, entitled "Special Written Charges," provides:

> The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.
>
> A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.

*State v. Simmons,* 01-293, pp. 4-5 (La. 5/14/02), 817 So.2d 16, 19-20 explained the significance of Article 807:

> By its own terms, this article requires written submission of requested "special charges." . . . Special charges are to be distinguished from general charges, that category under which lesser and included grades of the charged offense, *i.e.,* responsive verdicts pursuant to La.C.Cr.P. art. 815, fall. *See* Ralph Slovenko, *Control Over the Jury Verdict in Louisiana Criminal Law*, 20 La. L.Rev. 657, 663-67 (1960) (distinguishing special charges from general charges and explaining, under the heading of "general charges," that the trial judge "must charge the law as to the lesser included offense which the jury can return a verdict"). This court recognized this distinction in *State v. Wilson*, 315 So.2d 646, 649 (La.1975), as follows:
>
>> The trial judge is required to charge the jury as to the law that is ". . . applicable to the case." La.Code Crim.P. art. 802 (1966). This includes all other offenses of which the accused may be convicted by responsive verdict. *Id.* art. 803. In addition to the

3

charges that the trial judge must give in every case, article 807 allows the state and the defendant to submit requested special charges.

Because responsive verdicts that are required by La.C.Cr.P. arts. 803 and 815 are not special charges, they are not required to be requested in writing pursuant to La.C.Cr.P. art. 807.

Louisiana Code of Criminal Procedure Article 814(50.1) provides the following responsive verdicts for Ms. Brown's charged offense, possession of cocaine:

Guilty.

Guilty of attempted possession of cocaine.

Guilty of possession of drug paraphernalia.

Not guilty.

The possession of drug paraphernalia verdict is responsive only if there is evidence of drug paraphernalia, as defined in R.S. 40:1031, in the charged offense of possession of cocaine.[1]

Louisiana Revised Statutes 40:1021 defines drug paraphernalia as follows:

(1) All equipment, products, and materials of any kind which are used, intended for use, or designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance in violation of the Uniform Controlled Dangerous Substances Law, as scheduled in R.S. 40:964.

_____

[1]Louisiana Revised Statutes 14:1031 reads as follows: "It is the purpose of this Part to establish a permit system to allow animal control facilities to acquire and administer sodium pentobarbital for the humane euthanasia of sick, homeless, and abandoned animals." Article 814(50.1) contains a typographical error. We assume the legislature meant to reference La.R.S. 40:1021, which defines the term drug paraphernalia.

4

. . . .

(3) Kits used, intended for use, or designed for use in manufacturing, compounding, converting, producing, processing, or preparing controlled substances.

. . . .

(10) Containers and other objects used, intended for use, or designed for use in storing or concealing controlled substances.

. . . .

(12) Objects used, intended for use, or designed for use in ingesting, inhaling, or otherwise introducing marijuana, cocaine, hashish, or hashish oil into the human body, such as:

(a) Metal, wooden, acrylic, glass, stone, plastic, or ceramic pipes with or without screens, permanent screens, hashish heads, or punctured metal bowls.

(b) Water pipes.

. . . .

(f) Miniature cocaine spoons, and cocaine vials.

"When a count in an indictment sets out an offense which includes other offenses of which the accused could be found guilty under the provisions of Article 814 or 815, the court shall charge the jury as to the law applicable to each offense." La.Code Crim.P. art. 803. "Failure of the trial judge to fully charge the permissible verdicts then applicable to the charge in the indictment requires a reversal of the conviction." *State v. Ferguson*, 358 So.2d 1214, 1221 (La.1978). Nevertheless, the mandatory nature of Article 803 is tempered by La.Code Crim.P. art. 814(C), which provides that:

Upon motion of the state or the defendant, or on its own motion, the court shall exclude a responsive verdict listed in Paragraph A if, after all the evidence has been submitted, the evidence, viewed in a light most favorable to the state, is not sufficient reasonably to permit a finding of guilty of the responsive offense.

Thus, if no evidence reasonably supporting a verdict exists, that verdict may be excluded as a possible responsive verdict.

Clearly, this case involves evidence of drug paraphernalia[2]. Thus, the trial court erred in failing to give the requested jury instruction because it was a general charge, not a special charge. We decline to review such an error under a harmless error analysis.

In *Simmons*, 817 So.2d 16, the defendant was charged with unauthorized entry of an inhabited dwelling, but found guilty of attempted unauthorized entry of an inhabited dwelling. At trial, the defendant requested the trial court instruct the jury that criminal trespass was a responsive verdict. The trial court refused.

The supreme court found criminal trespass was a lesser and included offense and failure to include the requested instruction on criminal trespass was not harmless error because there was a reasonable probability that the error affected the outcome of the trial. The supreme court then noted:

> Given the fact that the jury, after requesting further instruction, returned a verdict of the only lesser included offense offered, it is entirely possible that the jury would have returned a verdict for the lesser misdemeanor offense of criminal trespass if that charge had been given. This difference is significant since defendant would have escaped sentencing as a multiple offender under La. R.S. 15:529.1 if the jury had convicted him of criminal trespass, a misdemeanor.

*Id*. at 21. The supreme court then reversed the defendant's conviction and sentence for attempted unauthorized entry of an inhabited dwelling.

In *State v. Johnson*, 01-06 (La. 5/31/02), 823 So.2d 917, the defendant was tried and convicted of battery on a police officer while in the custody of a correctional facility. During recess following jury selection, the trial court rejected

---

[2]We note that in the State's opening statement, counsel described at least two items classified as "drug paraphernalia" that were found in the car—a crack pipe and a metal spoon.

a joint proposal that it charge jurors with respect to the responsive verdicts of simple

battery of a police officer outside of a correctional facility and simple battery. At the

close of evidence, defense counsel renewed his request, which the trial court again

rejected. In accord with its view that the charged crime had no lesser included

offenses, the trial court instructed jurors that the only two responsive verdicts in the

case were guilty as charged and not guilty. After brief deliberation, jurors found the

defendant guilty as charged.

> The supreme court noted:

> [T]hough the jury's plenary power of compromise does not altogether preclude harmless-error analysis when a trial court has erred with respect to charging lesser and included offenses, it does place that analysis beyond a purely quantitative measure of the evidence presented at trial. Harmless-error analysis may apply in a case in which a trial judge inadvertently omits one or more responsive verdicts or lesser included offenses but includes others in its jury charge and the jury rejects a compromise by returning a verdict of guilty as charged. . . .

> However, in Louisiana, a trial judge has no authority to decide unilaterally that an instruction on lesser and included offenses is not necessary because overwhelming evidence exists to convict the defendant on the crime charged and reasonable jurors therefore could not rationally acquit on the greater offense but could convict on a lesser offense. The court has limited authority to exclude those statutory responsive verdicts provided for specific offenses by La.C.Cr.P. art. 814(A) only when those verdicts are not supported by the evidence in a particular case. La.C.Cr.P. art. 814(C); *cf.* [*State v.*] *Porter*, 93-1106 at 9, [(La. 7/5/94),] 639 So.2d [1137] at 1142 (option of striking particular statutory responsive verdicts is "not designed to give trial courts and prosecutors the option to strike a lesser offense as a responsive verdict in order to prevent the jury from returning a compromise verdict . . . supported by the evidence, even if the evidence also supports a verdict of the charged offense."). Nor may a reviewing court sanction a similar result, when a trial court as in the present case erroneously concludes that the charged crime has no lesser included offenses, by applying a test of harmless error keyed to the weight of the evidence supporting the charged offense. As we underscored in *Porter*, Louisiana's system of responsive verdicts

> presupposes a jury's authority to compromise its verdict even in the face of overwhelming evidence of the charged crime.
>
> In Louisiana, juries are sworn to render a verdict "according to the law and the evidence." La.C.Cr.P. art. 790. The jurisprudence has allowed jurors to return a lesser responsive verdict fully supported by the same evidence which would also demonstrate, beyond a reasonable doubt, that the charged crime occurred. In the present case, the trial court's decision to foreclose that opportunity had stark consequences for relator in terms of his sentencing exposure. It was otherwise clear that he had struck the deputy sheriff, but the difference between a misdemeanor and felony conviction, a decision which properly belonged solely within the prerogative of the jury, ultimately became the difference between six months in jail and life imprisonment at hard labor.

*Id.* at 922-23. The supreme court reversed the defendant's conviction, vacated his sentence, and remanded the matter to the trial court for further proceedings.

In *State v. Hernandez*, 02-340 (La.App. 5 Cir. 7/30/02), 824 So.2d 529, the defendant was charged with and convicted of unauthorized entry of an inhabited dwelling. The fifth circuit reversed his conviction and remanded the matter for a new trial because the defendant requested the trial court instruct the jury that the crime of criminal trespass was a responsive verdict to the charged offense, and the trial court refused to do so.

In *State v. Allen*, 08-326 (La.App. 4 Cir. 12/10/08), 2 So.3d 499, *writ denied*, 09-31 (La. 9/25/09), 18 So.3d 81, the defendant was charged with purse snatching. A jury unanimously found him guilty as charged. The fourth circuit reversed the defendant's conviction and sentence for purse snatching and remanded the matter for a new trial because the trial court refused to give the requested instruction for the responsive verdict of theft. The court relied on its ruling in *State v. Marts*, 98-99 (La.App. 4 Cir. 5/31/00), 765 So.2d 438, when reversing the defendant's conviction.

8

In *Marts*, the defendant was convicted of purse snatching. On appeal, the defendant argued the trial court's failure to include theft as a responsive verdict was reversible error. The fourth circuit found that under the facts presented, the jury should have been allowed to consider and should have been instructed on the possible verdict of guilty of theft. The court then stated the following:

> Unlike purse snatching, the sentencing range for theft varies depending on the value of the property taken, and theft is not a crime of violence that necessitates a more severe penalty for a multiple offender. Therefore, the trial court's error was highly prejudicial, and necessitates that the matter be remanded for a new trial.

*Id*. at 445 (footnote omitted).

This court concludes, based on *Hernandez*, 824 So.2d 529, *Allen*, 2 So.3d 499, and *Marts*, 765 So.2d 438, that Defendant's conviction must be reversed, her sentence vacated, and the matter remanded to the trial court for further proceedings. We note that this case is similar to *Hernandez*, 824 So.2d 529. In both cases, the defendants were convicted as charged. Additionally, in *Allen*, 2 So.3d 499, as in this case, the defendant was convicted as charged, and the verdict was unanimous. In *Marts*, 765 So.2d 438, the fourth circuit found the trial court's failure to give the requested jury instruction was highly prejudicial. Because first offense possession of drug paraphernalia is a misdemeanor and the charged offense and the responsive verdict given are felonies, we find that the trial court's failure to give the requested instruction for possession of drug paraphernalia was highly prejudicial to Defendant. For these reasons, we find that the trial court erred in failing to give the requested jury instruction. Thus, Defendant's conviction is reversed, her sentence is vacated, and the matter is remanded to the trial court for further proceedings.

Our reversal of Defendant's conviction renders moot any discussion of whether the trial court erroneously advised Defendant that her sentence was not subject to diminution for good behavior.

IV.

## CONCLUSION

The trial court erred in failing to give the requested jury instruction. Thus, we reverse Defendant's conviction, vacate her sentence, and remand this action to the trial court for further proceedings.

**REVERSED AND REMANDED.**