ROLAND L. BELSOME, Judge.
| rThis is a criminal appeal arising from defendant’s conviction for simple burglary. *245 Defendant contests the trial court’s refusal to include a special jury instruction. For the reasons that follow, we affirm.

PROCEDURAL HISTORY

The Orleans Parish District Attorney filed a bill of information charging defendant, Nathan L. Thomas, with simple burglary of an inhabited dwelling. The defendant pled not guilty at arraignment. The State subsequently amended the bill of information to reflect a charge of aggravated burglary of a dwelling. A twelve-person jury found defendant guilty of the lesser charge of simple burglary.
Prior to sentencing, defendant’s motions for a new trial and for post-judgment verdict of acquittal were denied. The defendant was sentenced to serve three years at hard labor, and ordered to pay $198.50[1] in court costs.
12This appeal follows.

STATEMENT OF FACT

On the morning of November 12, 2010, the sixty-one year old victim, Lionel Louis, was sleeping in a “FEMA” trailer located outside of his Desire Street home, which was being renovated due to damage caused by Hurricane Katrina. When he awoke, he heard noises coming from his home. The victim’s home had been “broken into” before, so he walked over to his house to investigate. The victim soon realized that the noise was coming from under the unfinished floor. At that moment, defendant emerged through an opening in the floor, from where he was removing the victim’s copper pipes. The defendant swung a copper pipe at the victim, who ducked to escape the blow. A struggle ensued. When the two separated, the defendant picked up a two-by-four wooden board. To prevent the younger defendant from injuring him, the victim shot the defendant in the leg and called the police. The defendant was arrested on the scene.
At trial, the victim positively identified the defendant as the person who was attempting to steal copper from his home in November of 2010. In contradiction to the State’s case, the defendant testified that he was homeless and decided to sleep in the uninhabited home. When he awoke, the victim was standing over him. As he attempted to rise, he was shot in the leg. The defendant denied ever attempting to steal the victim’s copper.

\,ERRORS PATENT

A review of the record reveals one error patent. The defendant was not arraigned on the amended charge. Failure to arraign the defendant or the fact that he did not plead is waived if he enters upon the trial without objection. It is considered as if he had pleaded not guilty. La.C.Cr.P. art. 555; State v. Scott, 97-28, p. 6 (La.App. 4 Cir. 3/18/98), 709 So.2d 339, 342. The record does not reflect that any objections regarding arraignment were made prior to trial. Therefore, any error with regard to the trial court’s failure to arraign defendant was waived.

*246
DISCUSSION

In his only assignment of error, the defendant argues that the trial court abused its discretion when it refused to grant his motion for a special jury instruction, in accordance with La.C.Cr.P. arts. 803 [2] and 807.[3] Specifically, the defendant argues that the trial court should have given a special jury instruction on criminal trespass as a responsive verdict to the aggravated burglary charge against him.
La.C.Cr.P. art. 814(A)(42)[4] lists the legislatively approved responsive verdicts to aggravated burglary. Criminal trespass is not included.
| ¿When the crime of prosecution is one listed in La.C.Cr. P. art. 814, the trial court may “exclude” a responsive verdict, but cannot add to the number. State v. Papillion, 2010-1317, p. 33 (La.App. 3 Cir. 5/4/11), 63 So.3d 414, 434, writ denied, 2011-1149 (La.11/18/11), 75 So.3d 447 (citation omitted). The rendition of a verdict unresponsive to the charge is an error patent that requires reversal of the conviction and sentence and a new trial. State v. Major, 597 So.2d 108, 110 (La.App. 4 Cir.1992) (citation omitted).
Several Louisiana appellate courts have held that criminal trespass is not a responsive verdict to a charge of simple burglary. See State v. Hall, 26,505, p. 6 (La.App. 2 Cir. 12/7/94), 647 So.2d 453, 457; Major, supra, and State v. Merrell, 442 So.2d 713 (La.App. 1 Cir.1983) (emphasis supplied). Major relied on the reasoning of State v. Jones, 426 So.2d 1323 (La.1983), which held that responsive verdicts are limited to those listed in Article 814. The Jones court reasoned that the redactors of Article 814 apparently concluded that criminal trespass was not closely enough associated with simple burglary to be considered a responsive verdict[5] since the trespass offense did not involve an intent to commit an offense in the structure entered and since trespass was not limited to the entering of structures. Jones, 426 So.2d at 1327-28. For the same reasons, criminal trespass is not a responsive verdict for an aggravated burglary charge, even though it is a lesser and included offense.
Defendant relies on State v. Simmons, 2001-293, p. 4 (La.5/14/02), 817 So.2d 16, 19, as support for his argument that the trial judge had no discretion to | ^refuse to give the requested instruction, because it was a lesser and included offense of the charged offense. However, Simmons is not controlling here.
In Simmons the Louisiana Supreme Court held that criminal trespass is a less *247 er included offense and a responsive verdict to a charge of unauthorized entry of an inhabited dwelling. Simmons, 2001-293 at 7, 817 So.2d at 21. The Simmons Court noted that there were no statutory responsive verdicts provided in Article 814 for unauthorized entry of an inhabited dwelling, thus Article 815.[6] controlled the matter. Simmons, 2001-293 at p. 3, 817 So.2d at 19. As such, the court found that when the defendant requests that the jury be instructed on the law applicable to an offense which is truly a lesser and included offense of the charged offense [under Article 815], the trial court has no discretion to refuse to give the requested instruction. Simmons, 2001-293 at p. 4, 817 So.2d at
19. The Court went on to state:
[Defendant's request that the jury be given an instruction on criminal trespass as a responsive verdict pursuant to La. C.CrJP. art. 815 was not a request for a “special charge.” Special charges are to be distinguished from general charges, that category under which lesser and included grades of the charged offense, i.e., responsive verdicts pursuant to La. C.Cr.P. art. 815, fall. See Ralph Slovenko, Control Over the Jury Verdict in Louisiana Criminal Law, 20 La. L.Rev. 657, 663-67 (1960) (distinguishing special charges from general charges and explaining, under the heading of ‘general charges,’ that the trial judge ‘must charge the law as to the lesser included offense which the jury can return a verdict’).
Simmons, 2001-293 at p. 5, 817 So.2d at 20.
Unlike Simmons, where the court applied the general responsive verdict statute for a crime which was not listed in Article 814, the defendant in this case was charged with an offense controlled by Article 814. Thus, the only acceptable 16responsive verdicts for aggravated burglary were statutorily provided by Article 814.
Because Article 814 provided the only responsive verdicts, we do not find error with the trial court refusing to charge the jury with the lesser included offense of criminal trespass. Accordingly, the defendant’s conviction is affirmed. In addition, the trial court is ordered to correct the minute entry from sentencing to include the correct court costs of $198.50, as reflected by the sentencing transcript; then the clerk of court shall transmit the corrected document to the officer in charge of the institution to which defendant has been sentenced. See n.l of this opinion for a complete discussion on this issue.
AFFIRMED

. The sentencing transcript reflects that defendant was ordered to pay $198.50 in court costs; however, the minute entry reflects that the defendant was ordered to pay $190.50. Whenever there is a discrepancy between the transcript and a minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983); State v. Randall, 2010-1027, p. 3 (La.App. 4 Cir. 6/22/11), 69 So.3d 683, 685, writ denied, 2011-1560 (La. 1/13/12), 77 So.3d 952. (citations omitted). Accordingly, we direct the trial court to amend the pertinent minute entry to reflect the change, and order the clerk of court to transmit the corrected document to the officer in charge of the institution to which defendant has been sentenced. La.C.Cr.P. art. 892(B)(2). See State ex rel. Roland v. State, 2006-244 (La.9/15/06), 937 So.2d 846.

. La C.Cr.P. art. 803 states in pertinent part: "When a count in an indictment sets out an offense which includes other offenses of which the accused could be found guilty under the provisions of Article 814 or 815, the court shall charge the jury as to the law applicable to each offense.”

. A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. La C.Cr.P. art. 807.

. La.C.Cr.P. art. 814 states:
(A) The only responsive verdicts which may be rendered when the indictment charges the following offenses are:
42. Aggravated Burglary:
Guilty.
Guilty of attempted aggravated burglary.
Guilty of simple burglary.
Guilty of attempted simple burglary.
Guilty of simple burglary of an inhabited dwelling.
Guilty of attempted simple burglary of an inhabited dwelling.
Guilty of unauthorized entry of an inhabited dwelling.
Guilty of attempted unauthorized entry of an inhabited dwelling.
Not guilty, (emphasis supplied).

.Although, the court did acknowledge it as a lesser and included offense. Jones, supra.

. La.C.Cr.P. art. 815 provides that in all cases not provided for in Article 814, the responsive verdicts are guilty, guilty of a lesser and in-eluded grade of the offense even though the offense charged is a felony and the lesser offense a misdemeanor, or not guilty.