DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-721

STATE OF LOUISIANA

VERSUS

LAWRENCE AKEEM BLADE

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 303,482
HONORABLE THOMAS M. YEAGER, JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

J. DAVID PAINTER
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and J. David Painter, Judges.

CONVICTION AND SENTENCE VACATED;
CASE REMANDED.

Edward K. Bauman
P.O. Box 1641
Lake Charles, LA 70602
COUNSEL FOR DEFENDANT-APPELLANT:
    Lawrence Akeem Blade

James C. Downs
District Attorney
John T. Giordano
Assistant District Attorney
Post Office Drawer 1472
Alexandria, LA 71309
COUNSEL FOR APPELLEE:
    State of Louisiana

**PAINTER, Judge**

Defendant appeals the sentence imposed in connection with his conviction for six counts of aggravated assault with a firearm. For the following reasons, Defendant's convictions and sentences are vacated and the case is remanded to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On June 19, 2010, Defendant, Lawrence Akeem Blade, and his friends were involved in a verbal dispute with a group of boys at the Alexandria mall which continued to the parking lot. Brothers TyMichael and Michael Robinson were part of the other group, and Defendant testified he had a rocky relationship with them. The groups dispersed, and Defendant and his group went to his cousin's house where they obtained a shotgun and a pistol. Although there are differing accounts regarding the details of what happened next, the groups ended up in a second encounter near the corner of two streets. Defendant and one of his friends fired the guns they obtained from Defendant's cousin. A bystander and one of the Robinson brothers were injured.

Defendant was originally charged along with three codefendants with seven counts of attempted first degree murder. The bill of information was later amended to charge seven counts of attempted second degree murder. A jury acquitted Defendant of count one and convicted him of aggravated assault with a firearm on counts two through seven. For each of those offenses, he was sentenced to serve two and one-half years at hard labor to run consecutively. Defendant is before this court appealing his sentences.

1

## DISCUSSION

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find an error patent which requires that Defendant's convictions and sentences be vacated.

The verdicts returned by the jury on counts two through seven were not responsive to the charged offenses. Near the close of trial, the judge instructed the jury that the responsive verdicts that could be returned on the charges of attempted second degree murder were attempted manslaughter, aggravated battery, and not guilty. Later, during deliberations, the jury was returned to the courtroom and instructed, at the request of defense counsel, that aggravated assault with a firearm was also a responsive verdict. The State had no objection. The judge defined aggravated assault with a firearm for the jury, and an updated verdict sheet including this offense was provided to the jury. The jury continued deliberating and ultimately found Defendant guilty of six counts of aggravated assault with a firearm.

The responsive verdicts for attempted second degree murder mandated by La.Code Crim.P. art. 814 are: guilty, guilty of attempted manslaughter, guilty of aggravated battery, and not guilty. In *State v. Thibodeaux*, 380 So.2d 59 (La.1980), Defendant was charged with distribution of amobarbital and secobarbital and was convicted of possession with intent to distribute a controlled dangerous substance. On appeal, the supreme court held:

> Under Article 814 A(45) of the Code of Criminal Procedure, the *only* responsive verdicts which may be rendered to the charge of distribution of controlled dangerous substances are the following:
>
> "Guilty

"Guilty of *Attempted* production, manufacture, *distribution* or dispensation of [a] controlled dangerous [substance].

"Guilty of *Possession* of controlled dangerous substances.

"Guilty of *Attempted possession* of controlled dangerous substances."

"Not guilty."

When responsive verdicts are mandated by Article 814, the trial court is without authority to vary or to add to the prescribed verdicts. *State v. Simmons*, 357 So.2d 517 (La.1978).

The trial court, however, submitted to the jury before it retired for deliberation a list of responsive verdicts which included two verdicts which are not responsive under Article 814 A(45), i.e., possession with intent to distribute and attempted possession with intent to distribute. There was no objection by defendant to the charges and the jury following the trial court's instructions returned a verdict of guilty of possession with intent to distribute a controlled dangerous substance.

Although this Court has held that absent an objection, deficiencies in the responsive verdicts can not be availed of upon appeal, in those cases the error existed only in the list of possible verdicts submitted to the jury and not in the actual verdict returned by the jury. In *State v. Turner*, 337 So.2d 1090 (La.1976) we held that an alleged error concerning the sufficiency of the list of responsive verdicts submitted to the jury may not be considered unless an objection is made in the trial court in time for the trial judge to correct the error. In *Turner*, however, despite the error in the list of verdicts submitted to it, the jury did in fact return a verdict which was responsive to the offense charged.

In the instant case not only were the list of verdicts and the judge's charge incorrect, but the jury actually returned a verdict which was not responsive under Article 814 A(45). Although the jury's non-responsive verdict was induced by the trial court's unobjected to erroneous instructions, we find that the verdict is clearly non-responsive and therefore should have been refused by the trial court in accordance with Article 813.

. . . .

Code of Criminal Procedure article 920(2) provides that this Court shall consider on appeal "an error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." The jury's verdict is part of the pleadings which this Court must review for errors. *State v. Egena*, 347 So.2d 1106 (La.1977). Because the verdict was invalid and because a sentence

3

> based on an invalid verdict is itself invalid (La. C.Cr.P. art. 872), the conviction and sentence of defendant must be set aside.

*Id.* at 60-61 (footnotes omitted). *See also State v. Major*, 597 So.2d 108 (La.App. 4 Cir. 1992), where the fourth circuit reversed a criminal trespass conviction because it was not responsive to the charge of simple burglary; *State v. Hurst*, 10-1204 (La.App. 3 Cir. 4/13/11), 62 So.3d 327, *writ denied*, 11-975 (La.10/21/11), 73 So.3d 383; and *State v. Norman*, 03-248 (La.App. 5 Cir. 5/28/03), 848 So.2d 91, *writ denied*, 03-1934, 03-1938 (La. 1/9/04), 862 So.2d 981, 982.

Therefore, we vacate Defendant's convictions and sentences on counts two through seven and remand for further proceedings.

*Excessive Sentence*:

Defendant contends that his six consecutive sentences are excessive because they arose out of the same occurrence and becauseDefendant has no prior criminal record. This assignment of error is rendered moot by the vacation of Defendant's convictions and sentences.

## CONCLUSION

Defendant's convictions and sentences for six counts of aggravated assault with a firearm are vacated and the case is remanded for further proceedings.

**CONVICTION AND SENTENCES VACATED; CASE REMANDED.**

4