| STATE OF LOUISIANA | * | NO. 2019-KA-0047 |
| --- | --- | --- |
| VERSUS | * | COURT OF APPEAL |
| DARYL LEESON | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

**MCKAY, C.J., CONCURS WITH REASONS**

The defendant was charged with a violation of La. R.S. 14: 62.2, a felony charge of simple burglary of an inhabited dwelling. The jury found the defendant guilty of the responsive verdict of attempted simple burglary of an inhabited dwelling, a violation of La. R.S. 14: (27) 62.2.

The majority opinion vacates and reverses the jury verdict to the lesser included offense of unauthorized entry of an inhabited dwelling ("felony"). I agree with this Court's conclusion to find insufficient evidence to support the charge of simple burglary of an inhabited dwelling. The Louisiana Supreme Court in *State v. Simmons*, 01-0293, p. 6 (La. 5/14/02), 817 So.2d 16, 20-21, held that:

> Unauthorized entry of an inhabited dwelling, the charged offense, is defined by La. R.S. 14:62.3 as "the intentional entry by a person without authorization into any inhabited dwelling or other structure belonging to another and used in whole or in part as a home or place of abode by a person." Likewise, La. R.S. 14:63 provides for the crime of criminal trespass in pertinent part as follows:
> A. No person shall without authorization intentionally enter any structure, watercraft, or movable.
> B. No person shall intentionally enter immovable property owned by another:
> (1) When he knows his entry is unauthorized, or
> (2) Under circumstances where he reasonably should know his entry is unauthorized.
>
> Criminal trespass thus includes the unauthorized and intentional entry of any structure, elements which are also found in the crime of unauthorized entry of an inhabited dwelling. We cannot imagine a

situation in which a person can be guilty of unauthorized entry of an inhabited dwelling without also being guilty of criminal trespass. We therefore find that criminal trespass is a lesser included offense and a responsive verdict to a charge of unauthorized entry of an inhabited dwelling.

Here, this Court has found that the evidence was insufficient to support the jury's verdict of attempted simple burglary of an inhabited dwelling but was sufficient to support the responsive verdict of unauthorized entry of an inhabited dwelling. It would seem that same conclusion of fact could apply to a misdemeanor charge of criminal trespass (La. R.S. 14:63). However, this charge is not responsive in this particular case[1]. Although, the decision reached by the majority in this case may be considered an inequitable outcome, I am constrained to concur in the results of this Court's finding[2].

---

[1] *See* La. C.Cr. P. art. 814.

[2] This inequitable outcome may possibly be averted by the trial court's simple application of La. C.Cr. P. art. 893(E)(2).